UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MARK HOFFMAN, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>4 PILLAR CONSULTING, LLC, aka 4 PILLAR CONSULTING HOLDINGS, LLC, aka 4 PILLAR CONSULTING SYNDICATION, LLC, and DOES 1-10,<br><br>Defendants. | CASE NO. 2:26-cv-3102<br><br>**NOTICE OF REMOVAL**<br><br>(Removed from the Superior Court of the State of Washington, King County, Case No. 26-2-23761-1 SEA) |

Defendant 4 PILLAR CONSULTING, LLC d/b/a 4 PILLAR FUNDING, inaccurately named in the "State Court Action" (as defined below) as "4 PILLAR CONSULTING, LLC, aka 4 PILLAR CONSULTING HOLDINGS, LLC, aka 4 PILLAR CONSULTING SYNDICATION, LLC" (hereafter, "Defendant"), hereby respectfully submits this Notice of Removal, removing the above-captioned putative class action from the Superior Court of the State of Washington, King County, Case No. 26-2-23761 (hereafter, the "State Court Action") to the United States District Court for Western District of Washington, pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441, and 1446. In support thereof, Defendant respectfully states the following grounds for removal.

**PROCEDURAL HISTORY, TIMELINESS, AND JOINDER**

1. The State Court Action was commenced on July 24, 2026 by Plaintiff MARK HOFFMAN ( "Plaintiff"), through his counsel by the filing of a putative class action complaint (the "Complaint") in the State Court Action, which alleges various claims against Defendant under federal and state law, as further described in paragraph 5 below.



MERRICK, HOFSTEDT & LINDSEY, P.S.
ATTORNEYS AT LAW
3101 WESTERN AVENUE, SUITE 200
SEATTLE, WASHINGTON 98121
(206) 682-0610

2. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the Complaint is attached hereto as **Exhibit A**. True and correct copies of all other process, pleadings, and orders served upon Defendant and/or filed in the State Court Action (if any) are attached hereto as **Exhibit B**.

3. Defendant was purportedly served with process in the State Court Action by mail on July 30, 2026. *See* Declaration of Travis Yule, attached hereto as **Exhibit C**, at ¶ 3. Per 28 U.S.C. § 1446(b), Defendant had 30 days to file this Notice of Removal from the date of service, which fell on a Saturday (August 29, 2026), thereby extending Defendant's removal deadline to next business day under Fed. R. Civ. P. 6(a)(1), which is Monday, August 31, 2026. This Notice of Removal is therefore timely submitted pursuant to 28 U.S.C. § 1446(b) and by operation of Fed. R. Civ. P. 6(a)(1). *See also McConico v. Renewing the Home Servs., LLC*, 2022 WL 503715, at *1 (D. Kan. Feb. 18, 2022) ("Rule 6(a) of the Federal Rules of Civil Procedure applies to 28 U.S.C. § 1446.").

4. No other defendants have been named in the State Court Action and, therefore, joinder of additional defendants to this Notice of Removal is unnecessary.

**RELEVANT ALLEGATIONS AND GROUNDS FOR REMOVAL**

5. Plaintiff's Complaint alleges various claims against Defendant under federal and state law, including the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq*. ("TCPA") and certain Washington analog telemarketing statutes, based on alleged unlawful calls or text messages that Plaintiff claims to have received from or on behalf of Defendant. *See generally* Exhibit A.

6. While Defendant disputes and denies all of Plaintiff's allegations, Defendant respectfully submits that this Court has original subject matter jurisdiction over this action pursuant to, and therefore removal to this Court is proper under, 28 U.S.C. §§ 1331, 1441(a) and 1446. This is because Plaintiff's underlying federal claims against Defendant could and should have been originally filed in this Court under 28 U.S.C. § 1331, as this Court has original jurisdiction over all claims and actions arising under the "Constitution, laws or treaties of the United States."

7. More specifically, Plaintiff's Complaint in part asserts violations of a federal law, *i.e.,* the TCPA. *See generally* Exhibit A, attached. The United States Supreme Court, in *Mims v. Arrow Financial Services LLC*, 132 S. Ct. 740, 747-53 (2012), addressed the issue of whether the



MERRICK, HOFSTEDT & LINDSEY, P.S.
ATTORNEYS AT LAW
3101 WESTERN AVENUE, SUITE 200
SEATTLE, WASHINGTON 98121
(206) 682-0610

federal district courts have jurisdiction over TCPA claims, holding such a claim is, in fact, one that "arises under" the laws of the United States. *See also Barton v. Am. Fam. Life Assurance Co. of Columbus,* 2026 WL 25742, at *2 (W.D. Wash. Jan. 5, 2026) (citing *Mims*); *Duran v. Wells Fargo Bank, N.A.,* 878 F. Supp. 2d 1312, 1315-16 (S.D. Fla. 2012) ("This action was removed to this Court based on federal question jurisdiction, 28 U.S.C. § 1331, because the Complaint alleges a violation of the TCPA. . . . It is established that federal courts have subject matter jurisdiction over TCPA claims.") (internal citation omitted). Per 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Thus, the Court has federal question jurisdiction over this matter. *See also Joseph Bohorow v. Pasadena Wellness Dispensary,* 2026 WL 2140232, at *3 (C.D. Cal. July 22, 2026) ("Pursuant to 28 U.S.C. § 1331, there is federal question jurisdiction as to Plaintiff's claim which arises under the TCPA, 47 U.S.C. §§ 227, *et seq*.").

8. Further, pursuant to 28 U.S.C. § 1367, this Court also has supplemental jurisdiction over any state law claims in the Complaint. Because the state claims are related to the TCPA claim(s) over which this Court has original jurisdiction, and are based on the same operative facts, they form part of the same case and controversy under Article III of the United States Constitution.

9. There is also diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) here. For diversity removal, the Court has original jurisdiction over "all civil actions" where (i) "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs" and (ii) the dispute is between "citizens of different States." 28 U.S.C. § 1332(a). Both requirements are easily met here.

10. As to the amount in controversy, Defendant need only show a plausible allegation that the amount in controversy exceeds the jurisdictional threshold for removal. *See Academy of Country Music v. Continental Casualty Co.,* 991 F.3d 1059, 1068-70 (9th Cir. 2021) (citing *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014)). Generally, "[t]he amount in controversy is the 'amount at stake in the underlying litigation.'" *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 793 (9th Cir. 2018) (quoting *Gonzales v. CarMax Auto Superstores, LLC*,


MERRICK, HOFSTEDT & LINDSEY, P.S.
ATTORNEYS AT LAW
3101 WESTERN AVENUE, SUITE 200
SEATTLE, WASHINGTON 98121
(206) 682-0610

840 F.3d 644, 648 (9th Cir. 2016)). Courts in the Ninth Circuit have recognized that "[t]he amount in controversy [requirement] embraces '[monetary relief], costs of compliance with injunctions, attorneys' fees awarded under contract or fee shifting statutes' and 'future attorney's fees recoverable by statute or contract.'" *Frias-Estrada v. Trek Retail Corp*., 534 F. Supp. 3d 1058, 1061 (N.D. Cal. 2021) (citation omitted); *see also Trepanier v. Progressive Direct Ins. Co.,* 2012 WL 12882865, at *2 (W.D. Wash. Sept. 19, 2012) ("[T]he amount in controversy includes not just actual damages, but also statutorily authorized attorneys' fees and treble damages."). As applied here, Plaintiff claims to have received at least 46 unlawful telephone calls or texts. *See* Exhibit A, ¶ 30. And among other forms of relief (including unspecified "actual damages" and injunctive relief), Plaintiff seeks between $500 to $1500 "per violation" (*i.e.,* per alleged call) in statutory damages under the TCPA and under three Washington statutes, or in total $4,000 per call, as well as attorneys' fees under two Washington statutes. *Id.* ¶¶ 144-152. These allegations put Plaintiff well over the $75,000 threshold for diversity removal purposes under Section 1332, even before taking his requests for attorneys' fees into account (*i.e.*, $4,000 x 46 calls = **$184,000**). Factoring in attorneys' fees would only push the amount in controversy further over the Section 1332(a) removal threshold.[1]

11. As to diversity of citizenship, "[t]he complete diversity requirement in class actions is based on the citizenship of the named plaintiffs at the time the action is filed." *Gibson v. Chrysler Corp*., 261 F.3d 927, 931 (9th Cir. 2001) (citing *Lew v. Moss,* 797 F.2d 747, 750 (9th Cir. 1986)). For purposes of removal, "[t]he citizenship of unnamed class members is disregarded." *Id*. (citing *Supreme Tribe of Ben-Hur v. Cauble,* 255 U.S. 356, 366-67 (1921)). *Devlin v. Scardelletti,* 536 U.S. 1, 10 (2002) (noting the long-standing rule that "nonnamed class members cannot defeat complete

[1] *See also Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy."). Defendant need not (and does not) concede such amounts are recoverable for present purposes. *See Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1198 n.1 (9th Cir. 2015) ("Even when defendants have persuaded a court" that they meet the applicable amount in controversy threshold for removal, "they are still free to challenge the actual amount of damages in subsequent proceedings and at trial … because they are not stipulating to damages suffered, but only estimating the damages that are in controversy."); *Lewis v. Verizon Comm'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) ("The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability.").



MERRICK, HOFSTEDT & LINDSEY, P.S.
ATTORNEYS AT LAW
3101 WESTERN AVENUE, SUITE 200
SEATTLE, WASHINGTON 98121
(206) 682-0610

diversity"). In other words, it is only the named parties' citizenship (Plaintiff's and Defendant's) that matters here. For corporations like Defendant, citizenship for diversity purposes is determined by the states in which the entities are incorporated and/or have their principal place of business. *See* 28 U.S.C. § 1332(c)(1) and 28 U.S.C. § 1446(c). *See also Hertz Corp. v. Friend,* 559 U.S. 77, 92-93 (2010) (dismissing the requirements for corporate citizenship). As applied here, per the Complaint, Plaintiff is alleged to be a Washington resident and there are no other named plaintiffs, whereas Plaintiff alleges that Defendant is New York company with its principal place of business in New York and there are no other named defendants. *See* Exhibit A, ¶¶ 11, 12, 13. Therefore, there is complete diversity of citizenship as to the named parties in this case, and as such, all the statutory requirements are satisfied for diversity removal purposes under 28 U.S.C. § 1332(a), as well.

**VENUE**

12. Venue is proper in this District Court pursuant to 28 U.S.C. §1441(a), because the State Court Action was brought in the Superior Court of the State of Washington, King County, which is in the same District as this Court.

**ALL PROCEDURAL REQUIREMENTS FOR REMOVAL ARE MET**

13. As noted above, this Notice is timely filed and the venue is proper.

14. Defendant will promptly serve a copy of this Notice upon all counsel of record in the State Court Action and will file a copy of this Notice with the Clerk of the Court in the State Court Action pursuant to 28 U.S.C. § 1446(d).

15. In accordance with 28 U.S.C. § 1446, copies of all process and papers received by Defendant in the State Court Action have been attached to this Notice.

16. As also noted above, no other defendants have been named in the State Court Action, and thus no joinder of additional defendants to this notice of removal is necessary.

**RESERVATION OF RIGHTS**

17. Defendant strongly disputes all of Plaintiff's allegations, believes the Complaint lacks merit and fails to state a claim for relief, and denies that Plaintiffs or the putative class have been harmed in any way or that this case is capable of or appropriate for class treatment. Defendant also


MERRICK, HOFSTEDT & LINDSEY, P.S.
ATTORNEYS AT LAW
3101 WESTERN AVENUE, SUITE 200
SEATTLE, WASHINGTON 98121
(206) 682-0610

strongly disputes whether the Plaintiff or any putative class member is entitled to any of the relief requested in the Complaint or generally (including but not limited to actual or statutory damages, injunctive relief, and/or or attorneys' fees and costs). By seeking removal, therefore, Defendant does not waive any arguments or defenses with respect to Plaintiff's claims or to class certification, the Complaint or otherwise in this matter, including but not limited to jurisdictional defenses or any contractual rights to compel arbitration (if any). This Notice is not an admission of fact or liability.

WHEREFORE, with all procedural requirements for removal having been satisfied pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441, and 1446, Defendant respectfully submits this Notice of Removal, requests that the State Court Action be removed to this Court, and requests that the Court assume full jurisdiction over this case as provided by law.

Dated: August 31, 2026

Respectfully submitted,

By: /s/ *Rossi F. Maddalena*

Rossi F. Maddalena, WSBA #39351
**MERRICK, HOFSTEDT & LINDSEY, P.S.**
3101 Western Avenue, Suite 200
Seattle, WA 98121
Tel. (206) 682-0610
Email: rmaddalena@mhlseattle.com

John W. McGuinness (*pro hac vice* forthcoming)
A. Paul Heeringa (*pro hac vice* forthcoming)
**MANATT, PHELPS & PHILLIPS, LLP**
2049 Century Park East, Suite 1700
Los Angeles, CA 90067
JMcGuinness@manatt.com
PHeeringa@manatt.com

***Attorneys for Defendant***

## CERTIFICATE OF SERVICE

I declare that I am not a party to this action, am over the age of eighteen, and am competent to be a witness herein. On August 31, 2026, I served a true and correct copy of the foregoing *Notice of Removal* upon the following party(s) or their counsel of record in the method indicated below:

NORTHWEST DEBT RESOLUTION, LLC
Peter Schneider, WSBA #43131
10900 NE 4th St Ste 2300, Bellevue, WA 98004-5882
Phone: (206) 800-6000 | Fax: (206) 800-6015
E-mail: peter@nwdebtresolution.com
*Counsel for Plaintiff Hoffman*

Service Method:
☒ CM/ECF
☒ E-mail
☐ U.S. Mail

I certify under penalty of perjury that the foregoing is true and correct.

EXECUTED on August 31, 2026.

*/s/ Gloria Angelin*
Gloria Angelin, Legal Assistant
MERRICK, HOFSTEDT & LINDSEY, P.S
GAngelin@mhlseattle.com