FILED
2026 JUL 24 09:53 AM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 26-2-23761-1 SEA

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| MARK HOFFMAN, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>4 PILLAR CONSULTING, LLC, aka 4 PILLAR CONSULTING HOLDINGS, LLC, aka 4 PILLAR CONSULTING SYNDICATION, LLC, and DOES 1-10,<br><br>Defendants. | NO.<br><br>CLASS ACTION COMPLAINT FOR INJUNCTIVE AND OTHER RELIEF FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, ET SEQ, WASHINGTON TELEPHONE SOLICITATION ACT, RCW 80.36.390, WASHINGTON COMMERCIAL ELECTRONIC MAIL ACT, RCW 19.190.060, & WASHINGTON CONSUMER PROTECTION ACT, RCW 19.86, ET SEQ<br><br>JURY TRIAL DEMANDED |

COMES NOW the Plaintiff, MARK HOFFMAN, on behalf of himself and others similarly situated and complains against 4 PILLAR CONSULTING, LLC, and alleges as follows:

## I. INTRODUCTION

1. There are telemarketers in America whose long-term business model is placing lots and lots of unsolicited calls and robocalls.

2. Companies who sell a particular widget are looking for customers interested in such widgets, and telemarketers are eager to introduce widget makers with possibly interested customers.



NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

3. Some telemarketers call all the phone numbers they can, playing pre-recorded or artificially generated speech about widgets.

4. The telemarketer does this to build up a pool of valid phone numbers, noting key demographics of the people behind the phone numbers like age, gender, interests, or location.

5. When the telemarketer strikes a deal with a specific widget maker to find potential customers, the telemarketer goes to their calling pool, and calls the people that fit the widget maker's specified customer profile.

6. And call them again and again and again.

7. When the telemarketer finds a consumer they can sell to a widget maker, they call that person a "Lead."

8. The telemarketer passes the Lead to a widget maker for monetary gain, the widget maker is happy to have someone to pitch their widgets to, and everyone in the loop gains something.

9. This is with the exception of consumers like the Plaintiff and individuals in the proposed classes, who don't want the phone calls.

10. As former Senator Fritz Hollings once stated:

> "computerized calls are the scourge of modern civilization. They wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone right out of the wall."

## II. PARTIES, JURISDICTION & VENUE

11. The Plaintiff received more than two of the calls and text messages that form the basis of this lawsuit in King County, Washington, and he was a resident of Washington State at all times relevant and material to this complaint.



NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

12. Defendant 4 PILLAR CONSULTING, LLC, aka 4 PILLAR CONSULTING HOLDINGS, LLC, aka 4 PILLAR CONSULTING SYNDICATION, LLC, ("4 Pillar") is a New York limited liability company with its principal address at 456 Broadway Suite 201, Saratoga Springs NY 12800.

13. 4 Pillar's registered agent is Registered Agents Inc., 90 State Street, Suite 700, Office 40, Albany NY 12207.

14. Does 1-10 are currently unknown parties who acted as 4 Pillar's agents in telephone soliciting consumers and the Plaintiff.

15. Defendant 4 Pillar and its unknown agents will hereinafter be referred to as ("Defendants").

16. The acts alleged in this complaint occurred in King County, Washington State, during the last four years.

17. At all times relevant to the events and transgressions alleged herein, the Defendants engaged in telemarketing and telephone solicitation activities in Washington State, including the placing phone calls and sending text messages to the Plaintiff to sell products and services.

18. Venue is proper in King County because many of the violations against the Plaintiff and putative class members occurred in this Court.

19. This Court has concurrent jurisdiction to hear the Plaintiff's federal claims pursuant to 47 U.S.C. § 227(b)(3)(A).

20. Defendants are within the jurisdiction of the Court.

## III. FACTUAL ALLEGATIONS

**Lead Plaintiff Mark Hoffman**

21. The Plaintiff is and was the subscriber and regular user of the Washington State area code phone number that received the calls.



NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

22. It is a cell phone that the Plaintiff uses as a residential phone line.

23. The Plaintiff uses his cell phone number for personal use only, as one would use what used to be referred to colloquially as a "landline."

24. The Plaintiff registered his Washington State area code cell phone number on the Federal Trade Commission's national do not call registry more than 30 days prior to the phone calls in the table below.

25. At no point did the Plaintiff consent to receiving telemarketing calls or text messages from the Defendants prior to receiving the calls at issue.

**The Calls**

26. For the last four years, the Plaintiff has received unwanted solicitation calls and text messages advertising for 4 Pillar.

27. At no time relevant to this lawsuit did the Plaintiff consent to any solicitations from 4 Pillar or its agents.

28. The Plaintiff told the callers he wasn't interested in their products and services.

29. The Plaintiff asked them to stop calling.

30. The call list below is a non-exhaustive list of phone calls and text messages the Plaintiff received in 2025 and 2026, from the Defendants, each of them attempting to sell 4 Pillar's funding services.

| Call | Date | Caller ID | Called # | Voice/ Text | Description |
|---|---|---|---|---|---|
| 1 | 10/3/2025 | 206-774-8415 | -3397 | V | A sales call from 4 Pillar. |
| 2 | 10/3/2025 | 206-774-8415 | -9916 | V | A sales call from 4 Pillar. |
| 3 | 10/13/2025 | 206-774-8415 | -6794 | V | A sales call from 4 Pillar. |
| 4 | 10/13/2025 | 206-774-8415 | -9916 | V | A sales call from 4 Pillar. |
| 5 | 10/28/2025 | 206-774-8415 | -9916 | V | A call from Jashaad Worthen at 4 Pillar, who did not volunteer that he worked for 4 Pillar. So that he could identify which entity Mr. Worthen worked for, Mr. Hoffman provided him with an email address but said that he wasn't interested in business funding. |
| 6 | 10/28/2025 | 206-774-8415 | -3397 | V | A sales call from 4 Pillar. |
| 7 | 11/3/2025 | 206-774-8415 | -3397 | V | A sales call from 4 Pillar. |



NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

| | | | | | |
|---|---|---|---|---|---|
| 8 | 11/3/2025 | 206-774-8415 | -9916 | V | A sales call from Mr. Worthen, who then emailed Mr. Hoffman from jashaad@4pillarfunding.com. The next day, Mr. Hoffman replied by email, "As I mentioned during our call, I'm not interested." |
| 9 | 11/6/2025 | 206-774-8415 | -3397 | V | A sales call from 4 Pillar. |
| 10 | 11/20/2025 | 206-905-8473 | -9916 | V | A sales call from 4 Pillar. |
| 11 | 12/2/2025 | 206-905-8473 | -3397 | V | A sales call from 4 Pillar. |
| 12 | 12/2/2025 | 206-905-8473 | -9916 | V | A sales call from 4 Pillar. |
| 13 | 12/19/2025 | 206-905-8473 | -3397 | V | A sales call from 4 Pillar. |
| 14 | 12/19/2025 | 206-905-8473 | -9916 | V | A sales call from 4 Pillar. |
| 15 | 1/16/2026 | 206-905-8473 | -3397 | V | A sales call from 4 Pillar. |
| 16 | 12/29/2026 | 206-905-8473 | -9916 | V | A sales call from 4 Pillar. |
| 17 | 1/29/2026 | 206-905-8473 | -3397 | V | A sales call from 4 Pillar. |
| 18 | 2/11/2026 | 206-905-8473 | -3397 | V | A sales call from 4 Pillar. |
| 19 | 2/11/2026 | 206-905-8473 | -9916 | V | A sales call from 4 Pillar. |
| 20 | 2/20/2026 | 206-905-8473 | -3397 | V | A sales call from 4 Pillar. |
| 21 | 2/20/2026 | 206-905-8473 | -9916 | V | A sales call from 4 Pillar. |
| 22 | 2/25/2026 | 206-905-8473 | -9916 | V | A sales call from 4 Pillar. |
| 23 | 2/25/2026 | 206-905-8473 | -3397 | V | A sales call from 4 Pillar. |
| 24 | 2/26/2026 | 206-905-8473 | -9916 | V | A sales call from 4 Pillar. |
| 25 | 2/26/2026 | 206-905-8473 | -3397 | V | A sales call from 4 Pillar. |
| 26 | 2/27/2026 | 206-905-8473 | -3397 | V | A sales call from 4 Pillar. |
| 27 | 2/27/2026 | 206-905-8473 | -9916 | V | A sales call from 4 Pillar. |
| 28 | 3/3/2026 | 206-905-8473 | -3397 | V | A sales call from 4 Pillar. |
| 29 | 3/3/2026 | 206-905-8473 | -9916 | V | A sales call from 4 Pillar. |
| 30 | 3/12/2026 | 206-905-8473 | -3397 | V | A sales call from 4 Pillar. |
| 31 | 3/12/2026 | 206-905-8473 | -9916 | V | A sales call from 4 Pillar. |
| Mr. Hoffman used a reasonable means to send 4 Pillar a do-not-call request and ask for a copy of their do-not-call policy. They received Mr. Hoffman's request on March 13, 2026, and never responded to his request for their do-not-call policy. | | | | | |
| 32 | 3/16/2026 | 206-905-8473 | -3397 | V | A sales call from 4 Pillar. |
| 33 | 3/16/2026 | 206-905-8473 | -9916 | V | A sales call from 4 Pillar. |
| 34 | 3/17/2026 | 206-905-8473 | -3397 | V | A sales call from 4 Pillar. |
| 35 | 3/17/2026 | 206-905-8473 | -9916 | V | A sales call from 4 Pillar. |
| 36 | 3/20/2026 | 206-905-8473 | -3397 | V | A sales call from 4 Pillar. |
| 37 | 3/20/2026 | 206-905-8473 | -9916 | V | A sales call from 4 Pillar. |
| 38 | 3/25/2026 | 206-905-8473 | -3397 | V | A sales call from 4 Pillar. |
| 39 | 3/25/2026 | 206-905-8473 | -9916 | V | A sales call from 4 Pillar. Mr. Hoffman returned the call and spoke with Trenton Girard, who emailed another application for business funding. On 3-27-26, Mr. Hoffman responded, "I'm not interested. Don't need it." |
| 40 | 3/27/2026 | 518-791-9044 | -9916 | T | A sales text from Mr. Girard at 4 Pillar. Mr. Hoffman responded "Trenton, stop calling me." Trenton acknowledged receipt of the request. |
| 41 | 3/30/2026 | 518-791-9044 | -9916 | T | A sales text from Trenton at 4 Pillar. |
| 42 | 3/31/2026 | 518-791-9044 | -9916 | T | A sales text from Trenton at 4 Pillar. |



NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

| | | | | | |
|---|---|---|---|---|---|
| 43 | 3/31/2026 | 518-791-9044 | -9916 | T | A sales text from Trenton at 4 Pillar. |
| 44 | 4/4/2026 | 518-791-9044 | -9916 | T | A sales text from Trenton at 4 Pillar. |
| 45 | 4/11/2026 | 518-791-9044 | -9916 | T | A sales text from Trenton at 4 Pillar. |
| 46 | 4/13/2026 | 518-302-2156 | -9916 | V | A sales call from 4 Pillar. |

31. Each caller initiated the call for the purpose of encouraging the Plaintiff to purchase financial services from 4 Pillar.

32. The text messages were sent to encourage the Plaintiff to purchase financial services from 4 Pillar.

33. The Defendants had the capacity to transmit the name of the telemarketer or the name of the seller on behalf of which the telemarketing call was placed and willfully failed to do so on every single call.

34. The Defendants always transmitted inaccurate caller ID information on each of the solicitation calls they initiated to the Plaintiff.

35. The Plaintiff notified 4 Pillar about the unwanted and illegal phone calls and text messages demanded they stop them.

36. These calls and texts annoyed and harassed the Plaintiff, wasted his time, and invaded his privacy and seclusion.

## IV. CLASS ACTION

37. The Plaintiff brings this class action lawsuit pursuant to CR 23 and seeks certification of the following Classes:

**NATIONWIDE CLASSES**

**DNCR Class**: The Plaintiff and all persons within the United States: (1) whose residential telephone numbers were on the National Do Not Call Registry for at least 31 days; (2) but who received more than one telephone solicitation call from Defendants (3) within a 12-month period; (4) within the four years prior to the commencement of this action through class certification.

**False or misleading Caller ID class**: Plaintiff and all persons within the United State who from four years prior to the commencement of this action through class certification the Defendants called for the purpose of encouraging the recipients to purchase property, goods, or services while failing to transmit a calling number that would permit the called party to make a do-not-call request during regular



NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

business hours and willfully failing to transmit the name of the telemarketer or the name of the seller on behalf of which the telemarketing call was placed.

**Procedures Class:** The Plaintiff and all persons within the United States who from four years prior to the commencement of this action through class certification, made a do not call request to one or more Defendant and Defendants did not have sufficient procedures instituted to prevent further telephone solicitation calls to that person, and that person received further telephone solicitation calls from the Defendants.

**WASHINGTON STATE CLASSES**

**WA DNCR Class:** The Plaintiff and all persons within Washington State who from four years prior to the commencement of this action through class certification the Defendants initiated a telephone solicitation to a phone number that was registered on the do not call registry maintained by the federal government pursuant to telephone consumer protection act, 47 U.S.C. § 227 and related regulations in violation of RCW 80.36.390(9).

**WA Removal Class**: Plaintiff and all persons within Washington State who from four years prior to the commencement of this action through class certification, (1) told the Defendants pursuant to RCW 80.36.390(7), that he or she did not want to be called or again and the Defendants (2) did not inform the called party that his or her phone number would be removed from the telephone solicitor's telephone lists for at least one year and/or (3) the Defendants made additional telephone solicitations to the called number within a year.

**WA CEMA Class** The Plaintiff and all persons within Washington State who from four years prior to the commencement of this action through class certification, the Defendants initiated or assisted in the transmission of one or more commercial electronic text messages to their phone number without consent in violation of RCW 19.190.060.

38. **Numerosity:** The exact number of Class members is unknown but based on the en masse nature of telemarketing it is believed to be at least thousands of persons at this time, such that individual joinder in this case is impracticable. Class members can be easily identified through Defendants' records.

39. **Commonality** There are many questions of law and fact common to the claims of Plaintiff and members of the Classes.

40. **Typicality:** The Plaintiff's claims are typical of the claims of other Class members in that Plaintiff, and Class members, sustained damages arising out of the



NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

Defendants' telemarketing calls and text messages and Class members sustained similar injuries and damages as a result of the Defendants' uniform illegal conduct.

41. **Adequacy & risk of inconsistency**: Plaintiff will fairly and adequately represent and protect the interests of the Classes and has retained counsel competent and experienced in complex class actions to vigorously prosecute this action on behalf of the Classes. The Plaintiff has no interests that conflict with, or are antagonistic to those of, the Classes, and the Defendants have no defenses unique to Plaintiff. The prosecution of separate actions by the individual Class members would create a risk of inconsistent or varying adjudication which would establish incompatible standards of conduct of the Defendants.

42. **Risk of harm to Class interests:** The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them which would, as a practical matter, harm the interests of other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests.

43. **Defendants' actions are universal to Classes**: The Defendants have acted or refused to act on grounds that apply generally to the proposed Classes, thereby making final injunctive relief or declaratory relief herein appropriate with respect to the proposed Classes as a whole.

44. **Commonality and Predominancy:** There are many questions of law and fact common to the claims of Plaintiff and members of the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Class include, but are not necessarily limited to, the following:

a. Whether the Defendants obtained "prior express invitation or permission" under the TCPA before the calls at issue;

b. Whether the Defendants have established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the TCPA's do-not-call regulations;



NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

c. Whether the Defendants sent text messages without providing the party with the name of the individual caller or the name of the person or entity on whose behalf the call is being made;

d. The number of text messages the Defendants sent to Washington residents' cell phones or pagers;

e. Whether the Defendants should be held liable for violations committed on their behalf, if any; and

f. Damages, including whether any violations were performed willfully or knowingly, such that the Plaintiff and the other Class members are entitled to treble damages under 47 U.S.C. § 227(c)(5)(C) and RCW 19.86.090.

45. **Superiority**: Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail.

46. **Exclusions:** Excluded from the Classes are the Defendants and any entities in which the Defendants have a controlling interest; the Defendants' agents and employees; any Judge and Magistrate Judge to whom this action is assigned and any member of their staffs and immediate families, and any claims for personal injury, wrongful death, and/or emotional distress.

## V. CAUSES OF ACTION
## ALLEGATIONS APPLICABLE TO ALL COUNTS

47. The Defendants are "sellers" as defined by 47 CFR § 64.1200(f)(10).

48. The Defendants are "telemarketers" as defined by 47 CFR § 64.1200(f)(12).

49. All of the calls the Defendants initiated to the Plaintiff and proposed Classes were "telephone solicitations" as defined by 47 CFR § 64.1200(f)(15).

50. The Defendants engaged in "telephone solicitation" to the Plaintiff and Washington State residents as defined by RCW 80.36.390(1)(a).



NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

51. The Defendants made "telephone calls" to the Plaintiff and Washington State residents as defined by RCW 80.36.390(1)(c).

52. The Defendants are "telephone solicitors" as defined by RCW 80.36.390(4).

53. The Defendants are "persons" as defined by RCW 19.190.010(11).

54. The Plaintiff is a "person" as defined by RCW 19.190.010(11).

55. The Defendants "initiated the transmission" of commercial electronic text messages to the Plaintiff and Washington State residents as defined by RCW 19.190.010(7).

56. The Defendants "assisted in the transmission" of commercial electronic text messages to the Plaintiff and Washington State residents as defined by RCW 19.190.010(1).

57. The Defendants sent the Plaintiff and Washington State residents "electronic text messages" as defined by RCW 19.190.010(6).

58. The Defendants sent the Plaintiff and Washington State residents "commercial electronic text messages" as defined by RCW 19.190.010(3).

59. The Defendants are "persons" as defined by RCW 19.86.010(1).

60. The Plaintiff is a person as defined by RCW 19.86.010(1).

61. The Defendants engaged in "trade" and "commerce" with the Plaintiff and Washington State residents as defined by RCW 19.86.010(2).

62. The calls and texts were initiated to encourage the Plaintiff to purchase goods and/or services from 4 Pillar.

63. The phone ringing and listening to sales pitches take time, cause annoyance, and are obnoxious. They are an invasion of privacy, a trespass into the Plaintiff's property and seclusion, and a waste of time.

64. Answering the phone takes time that could be spent doing other things, and these calls do have a real, if small, cost in electricity and life of the phone.



NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

65. Trying to figure out who is behind the calls is obnoxious and costs the Plaintiff time.

66. The phone chirping and buzzing from unwanted text messages is obnoxious, an invasion of privacy, a trespass into the Plaintiff's property and seclusion, and a waste of time.

67. Looking at who is texting and removing the unwanted text messages takes time that could be spent doing other things, and these calls do have a real, if small, cost in electricity and life of the phone.

68. Trying to figure out who is behind the text message is obnoxious and costs the Plaintiff time.

**COUNT 1 - TELEPHONE CONSUMER PROTECTION ACT**
**47 U.S.C. § 227(c)**

69. Pursuant to 47 U.S.C. § 227(c), it is unlawful for a person to initiate telephone solicitation to residential telephone subscribers who have registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government.

70. The Plaintiff re-alleges the previous paragraphs supra.

71. The Plaintiff registered his telephone number on the national do-not-call registry of people who do not wish to receive telephone solicitations that is maintained by the Federal Government more than 31 days prior the calls subject to 47 CFR § 64.1200(c)(2).

72. The Defendants violated 47 U.S.C. § 227(c)(2) by calling the Plaintiff's telephone without invitation or consent.

73. No exception under 47 C.F.R. § 64.1200 or 47 U.S.C. § 227 applies to their calls.

74. The Plaintiff told 4 Pillar multiple times that he wasn't interested in their services and specifically asked 4 Pillar to stop calling him, yet the Defendants ignored those requests and continued soliciting the Plaintiff by telephone.



NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

75. 4 Pillar instructed their phone agents to not transmit accurate caller ID information to prevent lawsuits for their illegal calls.

76. The Defendants violated 47 U.S.C. § 227(c) on no fewer than fifty (50) occasions.

77. The Plaintiff has been damaged and injured as a result of these actions.

78. The Defendants' actions were willful and wanton, and therefore the Plaintiff's damages should be trebled.

**COUNT 2 – TELEPHONE CONSUMER PROTECTION ACT**
**47 C.F.R. § 64.1200(d)**

79. Pursuant to 47 C.F.R. § 64.1200(d), no entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such entity has instituted procedures for maintaining a list of persons who request not to receive such calls made by or on behalf of that person or entity.

80. The Plaintiff re-alleges the previous paragraphs supra.

81. The Defendants did not have procedures for maintaining a list of persons who request not to receive such calls.

82. Plaintiff made a do-not-call request to 4 Pillar, but the Defendants continued to telephone solicit him

83. The Defendants violated 47 C.F.R. § 64.1200(d) on no fewer than fifty (50) occasions.

84. The Plaintiff has been damaged and injured as a result of these actions.

85. The Defendants' actions were willful and wanton, and therefore the Plaintiff's damages should be trebled.



NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

**COUNT 3 – TELEPHONE CONSUMER PROTECTION ACT**
**47 C.F.R. § 64.1200(d)(5)**

86. Under 47 C.F.R. § 64.1200(d), no person or entity shall initiate any artificial or prerecorded-voice telephone call pursuant to an exemption under paragraphs (a)(3)(ii) through (v) of this section or any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive such calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:

87. Under 47 C.F.R. § 64.1200(d)(5), absence of a specific request by the subscriber to the contrary, a residential subscriber's do-not-call request shall apply to the particular entity making the call (or on whose behalf a call is made).

88. The Plaintiff asked the Defendants to stop calling him and to provide him with a copy of their policy for maintaining a do-not-call list.

89. The Defendants ignored these requests and continued calling the Plaintiff.

90. The Defendants are all unwilling or unable to comply with 47 C.F.R. § 64.1200(d)(5) and thereby violated 47 C.F.R. § 64.1200(d) on no fewer than fifty (50) occasions

91. The Plaintiff has been damaged and injured as a result of these actions.

92. The Defendants' actions were willful and wanton, and therefore the Plaintiff's damages should be trebled.

**COUNT 4 – TELEPHONE CONSUMER PROTECTION ACT**
**47 C.F.R. § 64.1601(e)**

93. 47 C.F.R. § 64.1601(e) requires any entity engaged in telemarketing as that term defined in 47 C.F.R. § 64.1200, transmit caller identification information.

95. The Plaintiff re-alleges the previous paragraphs supra.



NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

96. That information must include the name of the telemarketer or the seller when available by the telemarketer's carrier, and it must transmit a telephone number such that any individual could make a do-not-call request to the telemarketer or seller during regular business hours.

97. The Defendants did neither.

98. The Defendants phone carrier allowed them to transmit the name of the telemarketer or seller, and the Defendants chose not to transmit this information on any call to Plaintiff.

99. The Defendants chose not to transmit a telephone number so that Plaintiff could make a do-not-call request to the telemarketer or seller during regular business

100. The Defendants have violated 47 C.F.R. § 64.1601(e) on no fewer than fifty (50) occasions.

101. The Plaintiff has been damaged and injured as a result of these actions.

102. The Defendants' actions were willful and wanton, and therefore the Plaintiff's damages should be trebled.

**COUNT 5 – WASHINGTON TELEPHONE SOLICITATION ACT**
**RCW 80.36.390(7)**

103. Pursuant to RCW 80.36.390(7), if at any time during the telephone contact, the called party states or indicates that he or she does not want to be called again by the telephone solicitor or wants to have his or her name, individual telephone number, or other contact information removed from the telephone lists used by the telephone solicitor:

(a) The telephone solicitor shall inform the called party that his or her contact information will be removed from the telephone solicitor's telephone lists for at least one year;

(b) The telephone solicitor shall end the call within 10 seconds;

(c) The telephone solicitor shall not make any additional telephone solicitation of the called party at any telephone number that the called party has requested



NWDR
NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

be removed from the solicitor's telephone lists for a period of at least one year; and

(d) The telephone solicitor shall not sell or give the called party's name, telephone number, and other contact information to another company or organization.

104. The Plaintiff re-alleges the previous paragraphs supra.

105. The Plaintiff used a reasonable means to inform the Defendants that he did not want to be called again and wanted his phone number removed from their calling list.

106. In response the Defendants did not inform The Plaintiff that his contact information would be removed from their lists for at least one year.

107. In no call, after informing the Defendants he did not want to be called again and wanted his phone number removed from their calling list, did the Defendants end the call within 10 seconds *and* inform the Plaintiff that his contact information would be removed from their list for at least one year.

108. Instead, the Defendants called and texted the Plaintiff at the same phone number many times within one year as identified in the calling table above, violating RCW 80.36.390(7) on no fewer than fifty (50) occasions.

109. The Plaintiff has been damaged and injured as a result of these actions

110. The Defendants' actions were willful and wanton, and therefore the Plaintiff's damages should be trebled.

**COUNT 6 – WASHINGTON TELEPHONE SOLICITATION ACT**
**RCW 80.36.390(9)**

111. Pursuant to RCW 80.36.390(9), no person may initiate, or cause to be initiated, a telephone solicitation to a telephone number registered on the do not call registry maintained by the federal government pursuant to 47 U.S.C. § 227 and related regulations, as currently enacted or subsequently amended.

112. The Plaintiff re-alleges the previous paragraphs supra.



NWDR
NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

113. The Defendants initiated telephone solicitations to the Plaintiff's telephone number after he caused it to be registered on the federal do not call registry maintained.

114. Therefore, the Defendants violated RCW 80.36.390(9) on no fewer than fifty (50) occasions.

115. The Plaintiff has been damaged and injured as a result of these actions

116. The Defendants' actions were willful and wanton, and therefore the Plaintiff's damages should be trebled.

**COUNT 7 – WASHINGTON COMMERCIAL ELECTRONIC MAIL ACT**
**RCW 19.190.060**

117. Washington's Commercial Electronic Mail Act (CEMA) prohibits initiating or substantially assisting in the transmission of any "electronic text message sent to promote real property, goods, or services for sale or lease" without the explicit permission of the receiving party. It further states that:

> (1) No person conducting business in the state may initiate or assist in the transmission of an electronic commercial text message to a telephone number assigned to a Washington resident for cellular telephone or pager service that is equipped with short message capability or any similar capability allowing the transmission of text messages.
>
> (2) The legislature finds that the practices covered by this section are matters vitally affecting the public interest for the purpose of applying the consumer protection act, chapter 19.86 RCW. A violation of this section is not reasonable in relation to the development and preservation of business and is an unfair or deceptive act in trade or commerce and an unfair method of competition for the purpose of applying the consumer protection act, chapter 19.86 RCW. RCW 19.190.060.

118. The Washington State Supreme Court has held[1] that sending a text message in violation of CEMA is a per-se violation of Washington's Consumer Protection Act and

[1] *Wright v. Lyft, Inc.,* 189 Wn.2d 718, 729-731, 406 P.3d 1149 (2017)



NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

automatically satisfies all five *Hangman*[2] elements required for a Consumer Protection Act claim, including automatic statutory damages.

119. The Plaintiff re-alleges the previous paragraphs supra.

120. The Defendants either initiated or substantially assisted in the transmission of text messages to Plaintiff that promoted the sale of goods or services.

121. Therefore, the Defendants violated RCW 19.190.060 on no fewer than fifty (50) occasions.

122. The Plaintiff has been damaged and injured as a result of these actions.

123. The Defendants' actions were willful and wanton, and therefore the Plaintiff's damages should be trebled.

**COUNT 8 – WASHINGTON CONSUMER PROTECTION ACT**
**RCW 19.86 ET SEQ**

124. Pursuant to RCW 80.36.390(12), a violation of RCW 80.36.390 is a *per se* violation of the Washington Consumer Protection Act, RCW 19.86 *et seq*.

125. Pursuant to RCW 19.190.060(2), a violation of RCW 19.190.060 is a *per se* violation of the Washington Consumer Protection Act, RCW 19.86 *et seq*.

126. The Plaintiff re-alleges the previous paragraphs supra.

127. Each of the previously pleaded violations of RCW 80.36.390 by the Defendants against the Plaintiff were also violations of the Washington Consumer Protection Act.

128. Each of the previously pleaded violations of RCW 19.190.060 by the Defendants against the Plaintiff were also violations of the Washington Consumer Protection Act.

129. Therefore, the Defendants have violated RCW 19.86 *et seq* on no fewer than one hundred (100) occasions.

130. The Plaintiff has been damaged and injured as a result of these actions.

---

[2] *Hangman Ridge Training Stables v. Safeco Title Ins. Co*., 105 Wn.2d 778, 780, 719 P.2d 531 (1986).



NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

131. The Defendants' actions were willful and wanton, and therefore the Plaintiff's damages should be trebled.

**COUNT 9 – INJUNCTIVE RELIEF**

132. Pursuant to 47 U.S.C. § 227(c)(5)(A), an individual may bring a private action to enjoin violations of the Telephone Consumer Protection Act.

133. Pursuant to RCW 80.36.390(13), an individual may bring a private action to enjoin violations of the Washington Telephone Solicitation Act.

134. Pursuant to RCW 19.190.090(1), an individual may bring a private action to enjoin violations of the Washington Commercial Electronic Mail Act.

135. Pursuant to RCW 19.86.090, an individual may bring a private action to enjoin violations of the Washington Consumer Protection Act.

136. The Plaintiff re-alleges the previous paragraphs supra.

137. The Plaintiff does seek injunctive relief from this Court to enjoin the Defendants' harmful actions towards residents of the United States and Washington State in the manner described above.

138. Specifically, The Plaintiff seeks injunctions prohibiting the Defendants from acting in any manner at odds with 47 U.S.C.§ 227(c), RCW 80.36.390, RCW 19.190.060 and RCW 19.86 *et seq*.

139. The Defendants' actions constitute a documented pattern and practice of behavior that has impacted the Plaintiff and other individuals similarly situated, causing injury to them.

140. Injunctive relief is necessary to prevent further harm and injury to the Plaintiff and to the Washington State public as well.

141. Injunctive relief should therefore be granted by this Court.



NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

## VI. JURY DEMAND

142. The Plaintiff demands a trial by jury.

## VII. PRAYER FOR RELIEF

143. WHEREFORE, the Plaintiff prays that the proposed Classes be certified under CR 23, and that the Plaintiff and his counsel be appointed to represent the Classes and for judgment be entered against the Defendants for:

144. Plaintiff's actual damages;

145. For statutory damages of $1,500.00 per violation of the Telephone Consumer Protection Act;

146. For statutory damages of $1,000.00 per violation of the Washington Telephone Solicitation Act;

147. For statutory damages of $500.00 per violation of the Washington Commercial Electronic Mail Act;

148. For statutory damages of $1,000.00 per violation of the Washington Consumer Protection Act;

149. For treble damages pursuant to 47 U.S.C. § 227(c)(5)(C) and RCW 19.86.090.

150. For the Plaintiff's costs and attorney's fees pursuant to RCW 80.36.390(13) and RCW 19.86.090;

151. For all injunctive relief as pleaded for above;

152. For any and all other relief this Court deems proper.

DATED May 6, 2026.

NORTHWEST DEBT RESOLUTION, LLC

Peter Schneider, WSBA# 43131
Attorney for Plaintiff



NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015