FILED
2026 AUG 31 03:48 PM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 26-2-23761-1 SEA

**SUPERIOR COURT OF THE STATE OF WASHINGTON**
**FOR THE COUNTY OF KING**

MARK HOFFMAN, on behalf of himself and all others similarly situated,

Plaintiffs,

v.

4 PILLAR CONSULTING, LLC, aka 4 PILLAR CONSULTING HOLDINGS, LLC, aka 4 PILLAR CONSULTING SYNDICATION, LLC, and DOES 1-10,

Defendants.

CASE NO. 26-2-23761-1 SEA

**NOTICE OF REMOVAL OF CIVIL ACTION TO U.S. DISTRICT COURT**

Clerk's Acction Required

TO THE HONORABLE JUDGES OF THE SUPERIOR COURT OF THE STATE OF WASHINGTON, KING COUNTY, AND TO PLAINTIFF AND HIS ATTORNEYS OF RECORD, PLEASE TAKE NOTICE that a Notice of Removal requesting removal, for all purposes, of the above-entitled action to the United States District Court for the Western District of Washington, a true and correct copy of which is attached hereto and served herewith, was filed by Defendant 4 PILLAR CONSULTING, LLC. ("Defendant") on August 31, 2026 with the Clerk of the United States District Court for the Western District of Washington. Pursuant to 28 U.S.C. § 1446(d), this Court is to proceed no further with this case, unless and until the case is remanded back to this Court. Defendant removes pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441, and 1446.

//

//



MERRICK, HOFSTEDT & LINDSEY, P.S.
ATTORNEYS AT LAW
3101 WESTERN AVENUE, SUITE 200
SEATTLE, WASHINGTON 98121
(206) 682-0610

Dated: August 31, 2026

Respectfully submitted,

By: s/ *Rossi F. Maddalena*
Rossi F. Maddalena, WSBA #39351
**MERRICK, HOFSTEDT & LINDSEY, P.S.**
3101 Western Avenue, Suite 200
Seattle, WA 98121
Tel. (206) 682-0610
Email: rmaddalena@mhlseattle.com

***Attorneys for Defendant***

**PROOF OF SERVICE**

I declare that I am not a party to this action, am over the age of eighteen, and am competent to be a witness herein. On August 31, 2026, I served a true and correct copy of the foregoing *Defendant's Jury Demand* upon the following party(s) or their counsel of record in the method indicated below:

| | |
|---|---|
| NORTHWEST DEBT RESOLUTION, LLC<br>Peter Schneider, WSBA #43131<br>10900 NE 4th St Ste 2300, Bellevue, WA 98004-5882<br>Phone: (206) 800-6000 \| Fax: (206) 800-6015<br>E-mail: peter@nwdebtresolution.com<br>*Counsel for Plaintiff Hoffman* | Service Method:<br>☒ E-Service<br>☒ E-mail<br>☒ U.S. Mail |

I certify under penalty of perjury under the law of Washington State that the foregoing is true and correct.

EXECUTED on August 31, 2026.

*/s/ Gloria Angelin*
Gloria Angelin, Legal Assistant
GAngelin@mhlseattle.com

# Attachment 1

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MARK HOFFMAN, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>4 PILLAR CONSULTING, LLC, aka 4 PILLAR CONSULTING HOLDINGS, LLC, aka 4 PILLAR CONSULTING SYNDICATION, LLC, and DOES 1-10,<br><br>Defendants. | CASE NO. 2:26-cv-3102<br><br>**NOTICE OF REMOVAL**<br><br>(Removed from the Superior Court of the State of Washington, King County, Case No. 26-2-23761-1 SEA) |

Defendant 4 PILLAR CONSULTING, LLC d/b/a 4 PILLAR FUNDING, inaccurately named in the "State Court Action" (as defined below) as "4 PILLAR CONSULTING, LLC, aka 4 PILLAR CONSULTING HOLDINGS, LLC, aka 4 PILLAR CONSULTING SYNDICATION, LLC" (hereafter, "Defendant"), hereby respectfully submits this Notice of Removal, removing the above-captioned putative class action from the Superior Court of the State of Washington, King County, Case No. 26-2-23761 (hereafter, the "State Court Action") to the United States District Court for Western District of Washington, pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441, and 1446. In support thereof, Defendant respectfully states the following grounds for removal.

**PROCEDURAL HISTORY, TIMELINESS, AND JOINDER**

1. The State Court Action was commenced on July 24, 2026 by Plaintiff MARK HOFFMAN ( "Plaintiff"), through his counsel by the filing of a putative class action complaint (the "Complaint") in the State Court Action, which alleges various claims against Defendant under federal and state law, as further described in paragraph 5 below.



MERRICK, HOFSTEDT & LINDSEY, P.S.
ATTORNEYS AT LAW
3101 WESTERN AVENUE, SUITE 200
SEATTLE, WASHINGTON 98121
(206) 682-0610

2. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the Complaint is attached hereto as **Exhibit A**. True and correct copies of all other process, pleadings, and orders served upon Defendant and/or filed in the State Court Action (if any) are attached hereto as **Exhibit B**.

3. Defendant was purportedly served with process in the State Court Action by mail on July 30, 2026. *See* Declaration of Travis Yule, attached hereto as **Exhibit C**, at ¶ 3. Per 28 U.S.C. § 1446(b), Defendant had 30 days to file this Notice of Removal from the date of service, which fell on a Saturday (August 29, 2026), thereby extending Defendant's removal deadline to next business day under Fed. R. Civ. P. 6(a)(1), which is Monday, August 31, 2026. This Notice of Removal is therefore timely submitted pursuant to 28 U.S.C. § 1446(b) and by operation of Fed. R. Civ. P. 6(a)(1). *See also McConico v. Renewing the Home Servs., LLC*, 2022 WL 503715, at *1 (D. Kan. Feb. 18, 2022) ("Rule 6(a) of the Federal Rules of Civil Procedure applies to 28 U.S.C. § 1446.").

4. No other defendants have been named in the State Court Action and, therefore, joinder of additional defendants to this Notice of Removal is unnecessary.

**RELEVANT ALLEGATIONS AND GROUNDS FOR REMOVAL**

5. Plaintiff's Complaint alleges various claims against Defendant under federal and state law, including the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq*. ("TCPA") and certain Washington analog telemarketing statutes, based on alleged unlawful calls or text messages that Plaintiff claims to have received from or on behalf of Defendant. *See generally* Exhibit A.

6. While Defendant disputes and denies all of Plaintiff's allegations, Defendant respectfully submits that this Court has original subject matter jurisdiction over this action pursuant to, and therefore removal to this Court is proper under, 28 U.S.C. §§ 1331, 1441(a) and 1446. This is because Plaintiff's underlying federal claims against Defendant could and should have been originally filed in this Court under 28 U.S.C. § 1331, as this Court has original jurisdiction over all claims and actions arising under the "Constitution, laws or treaties of the United States."

7. More specifically, Plaintiff's Complaint in part asserts violations of a federal law, *i.e.,* the TCPA. *See generally* Exhibit A, attached. The United States Supreme Court, in *Mims v. Arrow Financial Services LLC*, 132 S. Ct. 740, 747-53 (2012), addressed the issue of whether the



MERRICK, HOFSTEDT & LINDSEY, P.S.
ATTORNEYS AT LAW
3101 WESTERN AVENUE, SUITE 200
SEATTLE, WASHINGTON 98121
(206) 682-0610

federal district courts have jurisdiction over TCPA claims, holding such a claim is, in fact, one that "arises under" the laws of the United States. *See also Barton v. Am. Fam. Life Assurance Co. of Columbus,* 2026 WL 25742, at *2 (W.D. Wash. Jan. 5, 2026) (citing *Mims*); *Duran v. Wells Fargo Bank, N.A.,* 878 F. Supp. 2d 1312, 1315-16 (S.D. Fla. 2012) ("This action was removed to this Court based on federal question jurisdiction, 28 U.S.C. § 1331, because the Complaint alleges a violation of the TCPA. . . . It is established that federal courts have subject matter jurisdiction over TCPA claims.") (internal citation omitted). Per 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Thus, the Court has federal question jurisdiction over this matter. *See also Joseph Bohorow v. Pasadena Wellness Dispensary,* 2026 WL 2140232, at *3 (C.D. Cal. July 22, 2026) ("Pursuant to 28 U.S.C. § 1331, there is federal question jurisdiction as to Plaintiff's claim which arises under the TCPA, 47 U.S.C. §§ 227, *et seq*.").

8. Further, pursuant to 28 U.S.C. § 1367, this Court also has supplemental jurisdiction over any state law claims in the Complaint. Because the state claims are related to the TCPA claim(s) over which this Court has original jurisdiction, and are based on the same operative facts, they form part of the same case and controversy under Article III of the United States Constitution.

9. There is also diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) here. For diversity removal, the Court has original jurisdiction over "all civil actions" where (i) "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs" and (ii) the dispute is between "citizens of different States." 28 U.S.C. § 1332(a). Both requirements are easily met here.

10. As to the amount in controversy, Defendant need only show a plausible allegation that the amount in controversy exceeds the jurisdictional threshold for removal. *See Academy of Country Music v. Continental Casualty Co.,* 991 F.3d 1059, 1068-70 (9th Cir. 2021) (citing *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014)). Generally, "[t]he amount in controversy is the 'amount at stake in the underlying litigation.'" *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 793 (9th Cir. 2018) (quoting *Gonzales v. CarMax Auto Superstores, LLC*,


MERRICK, HOFSTEDT & LINDSEY, P.S.
ATTORNEYS AT LAW
3101 WESTERN AVENUE, SUITE 200
SEATTLE, WASHINGTON 98121
(206) 682-0610

840 F.3d 644, 648 (9th Cir. 2016)). Courts in the Ninth Circuit have recognized that "[t]he amount in controversy [requirement] embraces '[monetary relief], costs of compliance with injunctions, attorneys' fees awarded under contract or fee shifting statutes' and 'future attorney's fees recoverable by statute or contract.'" *Frias-Estrada v. Trek Retail Corp*., 534 F. Supp. 3d 1058, 1061 (N.D. Cal. 2021) (citation omitted); *see also Trepanier v. Progressive Direct Ins. Co.,* 2012 WL 12882865, at *2 (W.D. Wash. Sept. 19, 2012) ("[T]he amount in controversy includes not just actual damages, but also statutorily authorized attorneys' fees and treble damages."). As applied here, Plaintiff claims to have received at least 46 unlawful telephone calls or texts. *See* Exhibit A, ¶ 30. And among other forms of relief (including unspecified "actual damages" and injunctive relief), Plaintiff seeks between $500 to $1500 "per violation" (*i.e.,* per alleged call) in statutory damages under the TCPA and under three Washington statutes, or in total $4,000 per call, as well as attorneys' fees under two Washington statutes. *Id.* ¶¶ 144-152. These allegations put Plaintiff well over the $75,000 threshold for diversity removal purposes under Section 1332, even before taking his requests for attorneys' fees into account (*i.e.*, $4,000 x 46 calls = **$184,000**). Factoring in attorneys' fees would only push the amount in controversy further over the Section 1332(a) removal threshold.[1]

11. As to diversity of citizenship, "[t]he complete diversity requirement in class actions is based on the citizenship of the named plaintiffs at the time the action is filed." *Gibson v. Chrysler Corp*., 261 F.3d 927, 931 (9th Cir. 2001) (citing *Lew v. Moss,* 797 F.2d 747, 750 (9th Cir. 1986)). For purposes of removal, "[t]he citizenship of unnamed class members is disregarded." *Id*. (citing *Supreme Tribe of Ben-Hur v. Cauble,* 255 U.S. 356, 366-67 (1921)). *Devlin v. Scardelletti,* 536 U.S. 1, 10 (2002) (noting the long-standing rule that "nonnamed class members cannot defeat complete

[1] *See also Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy."). Defendant need not (and does not) concede such amounts are recoverable for present purposes. *See Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1198 n.1 (9th Cir. 2015) ("Even when defendants have persuaded a court" that they meet the applicable amount in controversy threshold for removal, "they are still free to challenge the actual amount of damages in subsequent proceedings and at trial … because they are not stipulating to damages suffered, but only estimating the damages that are in controversy."); *Lewis v. Verizon Comm'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) ("The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability.").



MERRICK, HOFSTEDT & LINDSEY, P.S.
ATTORNEYS AT LAW
3101 WESTERN AVENUE, SUITE 200
SEATTLE, WASHINGTON 98121
(206) 682-0610

diversity”). In other words, it is only the named parties’ citizenship (Plaintiff’s and Defendant’s) that matters here. For corporations like Defendant, citizenship for diversity purposes is determined by the states in which the entities are incorporated and/or have their principal place of business. *See* 28 U.S.C. § 1332(c)(1) and 28 U.S.C. § 1446(c). *See also Hertz Corp. v. Friend,* 559 U.S. 77, 92-93 (2010) (dismissing the requirements for corporate citizenship). As applied here, per the Complaint, Plaintiff is alleged to be a Washington resident and there are no other named plaintiffs, whereas Plaintiff alleges that Defendant is New York company with its principal place of business in New York and there are no other named defendants. *See* Exhibit A, ¶¶ 11, 12, 13. Therefore, there is complete diversity of citizenship as to the named parties in this case, and as such, all the statutory requirements are satisfied for diversity removal purposes under 28 U.S.C. § 1332(a), as well.

**VENUE**

12. Venue is proper in this District Court pursuant to 28 U.S.C. §1441(a), because the State Court Action was brought in the Superior Court of the State of Washington, King County, which is in the same District as this Court.

**ALL PROCEDURAL REQUIREMENTS FOR REMOVAL ARE MET**

13. As noted above, this Notice is timely filed and the venue is proper.

14. Defendant will promptly serve a copy of this Notice upon all counsel of record in the State Court Action and will file a copy of this Notice with the Clerk of the Court in the State Court Action pursuant to 28 U.S.C. § 1446(d).

15. In accordance with 28 U.S.C. § 1446, copies of all process and papers received by Defendant in the State Court Action have been attached to this Notice.

16. As also noted above, no other defendants have been named in the State Court Action, and thus no joinder of additional defendants to this notice of removal is necessary.

**RESERVATION OF RIGHTS**

17. Defendant strongly disputes all of Plaintiff’s allegations, believes the Complaint lacks merit and fails to state a claim for relief, and denies that Plaintiffs or the putative class have been harmed in any way or that this case is capable of or appropriate for class treatment. Defendant also


MERRICK, HOFSTEDT & LINDSEY, P.S.
ATTORNEYS AT LAW
3101 WESTERN AVENUE, SUITE 200
SEATTLE, WASHINGTON 98121
(206) 682-0610

strongly disputes whether the Plaintiff or any putative class member is entitled to any of the relief requested in the Complaint or generally (including but not limited to actual or statutory damages, injunctive relief, and/or or attorneys' fees and costs). By seeking removal, therefore, Defendant does not waive any arguments or defenses with respect to Plaintiff's claims or to class certification, the Complaint or otherwise in this matter, including but not limited to jurisdictional defenses or any contractual rights to compel arbitration (if any). This Notice is not an admission of fact or liability.

WHEREFORE, with all procedural requirements for removal having been satisfied pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441, and 1446, Defendant respectfully submits this Notice of Removal, requests that the State Court Action be removed to this Court, and requests that the Court assume full jurisdiction over this case as provided by law.

Dated: August 31, 2026

Respectfully submitted,

By: /s/ *Rossi F. Maddalena*
Rossi F. Maddalena, WSBA #39351
**MERRICK, HOFSTEDT & LINDSEY, P.S.**
3101 Western Avenue, Suite 200
Seattle, WA 98121
Tel. (206) 682-0610
Email: rmaddalena@mhlseattle.com

John W. McGuinness (*pro hac vice* forthcoming)
A. Paul Heeringa (*pro hac vice* forthcoming)
**MANATT, PHELPS & PHILLIPS, LLP**
2049 Century Park East, Suite 1700
Los Angeles, CA 90067
JMcGuinness@manatt.com
PHeeringa@manatt.com

***Attorneys for Defendant***

Case 2:26-cv-03102    Document 1    Filed 08/31/26    Page 7 of 7

## CERTIFICATE OF SERVICE

I declare that I am not a party to this action, am over the age of eighteen, and am competent to be a witness herein. On August 31, 2026, I served a true and correct copy of the foregoing *Notice of Removal* upon the following party(s) or their counsel of record in the method indicated below:

NORTHWEST DEBT RESOLUTION, LLC
Peter Schneider, WSBA #43131
10900 NE 4th St Ste 2300, Bellevue, WA 98004-5882
Phone: (206) 800-6000 | Fax: (206) 800-6015
E-mail: peter@nwdebtresolution.com
*Counsel for Plaintiff Hoffman*

Service Method:
☒ CM/ECF
☒ E-mail
☐ U.S. Mail

I certify under penalty of perjury that the foregoing is true and correct.

EXECUTED on August 31, 2026.

*/s/ Gloria Angelin*
Gloria Angelin, Legal Assistant
MERRICK, HOFSTEDT & LINDSEY, P.S
GAngelin@mhlseattle.com

# Attachment 2

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MARK HOFFMAN, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>4 PILLAR CONSULTING, LLC, aka 4 PILLAR CONSULTING HOLDINGS, LLC, aka 4 PILLAR CONSULTING SYNDICATION, LLC, and DOES 1-10,<br><br>Defendants. | CASE NO. 2:26-cv-3102<br><br>**DEFENDANT'S RULE 7.1 CORPORATE DISCLOSURE STATEMENT** |

Defendant 4 PILLAR CONSULTING, LLC d/b/a 4 PILLAR FUNDING, inaccurately named as "4 PILLAR CONSULTING, LLC, aka 4 PILLAR CONSULTING HOLDINGS, LLC, aka 4 PILLAR CONSULTING SYNDICATION, LLC" (hereafter, "Defendant"), by and through its undersigned counsel, hereby respectfully discloses that Defendant has no parent company and no publicly-held entity owns 10% or more of its stock.

.

Dated: August 31, 2026

Respectfully submitted,

By: s/ *Rossi F. Maddalena*

Rossi F. Maddalena, WSBA #39351
**MERRICK, HOFSTEDT & LINDSEY, P.S.**
3101 Western Avenue, Suite 200
Seattle, WA 98121
Tel. (206) 682-0610
Email: rmaddalena@mhlseattle.com

John W. McGuinness (*pro hac vice* forthcoming)
A. Paul Heeringa (*pro hac vice* forthcoming)
**MANATT, PHELPS & PHILLIPS, LLP**
2049 Century Park East, Suite 1700
Los Angeles, CA 90067
JMcGuinness@manatt.com
PHeeringa@manatt.com

***Attorneys for Defendant***

**CERTIFICATE OF SERVICE**

I declare that I am not a party to this action, am over the age of eighteen, and am competent to be a witness herein. On August 31, 2026, I served a true and correct copy of the foregoing *Defendant's Rule 7.1 Corporate Disclosure Statement* upon the following party(s) or their counsel of record in the method indicated below:

| | |
|---|---|
| NORTHWEST DEBT RESOLUTION, LLC<br>Peter Schneider, WSBA #43131<br>10900 NE 4th St Ste 2300, Bellevue, WA 98004-5882<br>Phone: (206) 800-6000 \| Fax: (206) 800-6015<br>E-mail: peter@nwdebtresolution.com<br>*Counsel for Plaintiff Hoffman* | Service Method:<br>☒ CM/ECF<br>☒ E-mail<br>☐ U.S. Mail |

I certify under penalty of perjury that the foregoing is true and correct.

EXECUTED on August 31, 2026.

*/s/ Gloria Angelin*
Gloria Angelin, Legal Assistant
MERRICK, HOFSTEDT & LINDSEY, P.S
GAngelin@mhlseattle.com

# Attachment 3

JS 44 (Rev. 03/24)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

MARK HOFFMAN, on behalf of himself and all others similarly situated

**(b)** County of Residence of First Listed Plaintiff: King
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Peter Schneider, Northwest Debt Resolution, 10900 4th St., #2300, Bellevue, WA 98004; 206-800-6000

## DEFENDANTS

4 PILLAR CONSULTING, LLC

County of Residence of First Listed Defendant: Saratoga (NY)
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
Rossi Maddalena, MERRICK, HOFSTEDT & LINDSEY, 3101 Western Ave., # 200 Seattle, WA 98121, 206.682.0610

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*

*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [x] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

Other:
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [x] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [ ] 1 Original Proceeding
- [x] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing ***(Do not cite jurisdictional statutes unless diversity)***:
28 U.S.C. §§ 1331, 1332, 1367, 1441

Brief description of cause:
Various claims against Defendant under federal and state law, including the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, et seq.

## VII. REQUESTED IN COMPLAINT:

- [x] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE ______ DOCKET NUMBER ______

DATE: 8/31/2026

SIGNATURE OF ATTORNEY OF RECORD: /s/ Rossi F. Maddalena

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

Case 2:26-cv-03102 Document 3 Filed 03/31/26 Page 2 of 2

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked**.** (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related cases, if any. If there are related cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.