**CONTENTS**

I. CASE SCHEDULING TEMPLATE AND THE 90-DAY RULE....2
II. PARTIES MAY AGREE TO EXTEND DEADLINE TO ANSWER PLEADING....3
III. EMAIL ADDRESS FOR STIPULATED PROTECTIVE ORDERS....3
IV. PROCEDURE UPON NOTIFICATION OF SETTLEMENT....3
V. MOTIONS AND OTHER BRIEFING....3
A. Table of Authorities is Not Required....3
B. Courtesy Copies are Not Required....4
C. Citations Should be in the Body of the Brief, Not in Footnotes....4
D. Briefs and Exhibits Should be Searchable....4
E. Motions to Alter Case Schedule....4
F. Meet and Confer Required Before Filing Dispositive Motions....4
G. Briefing Schedule for Cross-Motions for Summary Judgment....4
H. Motions in Limine....5
VI. EMAIL ADDRESS FOR PROPOSED ORDERS....5
VII. DISCOVERY DISPUTES....5
VIII. ARTIFICIAL INTELLIGENCE....5
IX. DEFAULT AND DEFAULT JUDGMENT....6
A. Process....6
B. Motion Length....6
C. Content of Motions; No Fee Award for Correcting Errors....6
X. TRIALS....7
A. Jury Instructions....7
B. Civil Jury Impanelment Procedures....8
C. The Court's General Voir Dire Questions....8
D. Objections to Deposition Designations....8
E. Procedures for Handling Exhibits....8
1. Non-Electronic Exhibits....8
2. Jury Evidence Electronic Presenter....9
F. Proposed Findings of Fact and Conclusions of Law Following a Bench Trial....10
XI. COMMONLY USED CIVIL FORMS....10
XII. PATENT CASES....10
A. Scheduling....10
B. Tutorial and/or Court-Appointed Neutral Expert and Claim Construction Hearing....11
XIII. GUIDANCE FOR PRO SE LITIGANTS IN CIVIL CASES....11
XIV. QUESTIONS OR SUGGESTIONS REGARDING THIS STANDING ORDER....11

## I. CASE SCHEDULING TEMPLATE AND THE 90-DAY RULE

At any given time, the Court has scores of motions pending. To manage its docket and devote sufficient attention to each case, the Court has devised the following case scheduling template for most civil cases.

| Event | Date |
|---|---|
| JURY TRIAL SET FOR 9:00 a.m. on | **Trial Date** |
| Length of trial | ___ days |
| Deadline for joining additional parties | 28 days from scheduling order |
| Deadline for filing amended pleadings | 56 days from scheduling order |
| Disclosure of expert testimony under FRCP 26(a)(2) due | Trial – 7 mos |
| Disclosure of rebuttal expert testimony under FRCP 26(a)(2) due | 30 days from above |
| All motions related to discovery must be filed by | Trial – 6 mos |
| Discovery completed by | Trial – 5 mos |
| All dispositive motions and motions challenging expert witness testimony must be filed by this date (*see* Local Civil Rule ("LCR") 7(d)). | **Noting date must be at least 90 days before trial** |
| Settlement conference, if mediation has been requested by the parties per LCR 39.1, held no later than | Trial – 2 mos |
| All motions in limine must be filed by[1] | Trial – 35 days |
| Proposed jury instructions (for jury trials) and agreed LCR 16.1 Pretrial Order due, including exhibit list with completed authenticity, admissibility, and objections fields | Trial – 21 days |
| Trial briefs, deposition designations, proposed voir dire questions (for jury trials), and proposed findings of fact and conclusions of law (for bench trials) due | Trial – 14 days |
| Pretrial conference scheduled at 10:00 a.m. on | Trial – 10 days |

The discovery motion deadline is set prior to the close of discovery to allow for resolution of disputes by the close of discovery.

As shown above, the Court has instituted a "90-day rule" for dispositive motions. Specifically, dispositive motions must be **noted** for at least 90 days prior to trial to allow sufficient time following the **noting date**[2] to issue a decision on the motion prior to the deadline for motions

[1] Please note that the Court has clarified motion in limine noting dates in Section V.H.

[2] Please see Section V.G for scheduling considerations relevant to cross-motions for summary judgment.

in limine (due 35 days before trial). In other words, **the noting date—not the filing date—must be 90 days before trial**. If the Court is not able to issue a decision within that time, it may strike the trial date and remaining pretrial deadlines.

Finally, the motion in limine deadline is set sufficiently in advance of the pretrial conference to allow the Court to consider and, ideally, rule on such motions prior to the pretrial conference.

All other dates are specified in the Local Civil Rules.

## II. PARTIES MAY AGREE TO EXTEND DEADLINE TO ANSWER PLEADING

Absent extraordinary delay or other special circumstances, the parties are free to agree among themselves to extend the deadline to answer or otherwise respond to claims, counterclaims, or crossclaims contained in a pleading without a Court order.

## III. EMAIL ADDRESS FOR STIPULATED PROTECTIVE ORDERS

LCR 26(c) requires that when parties submit a stipulated protective order for the Court's approval, they must also provide the Court with a redlined version, identifying departures from the model. LCR 26(c)(2). The redlined version must be submitted to kingorders@wawd.uscourts.gov.

## IV. PROCEDURE UPON NOTIFICATION OF SETTLEMENT

In most cases, the Court will take one of two courses when parties notify it of settlement. If the parties agree, the Court will enter a **standard order of post-settlement dismissal**, which will contain the language below.

> The parties have notified the Court that they have reached a settlement of this case. The Court accordingly DISMISSES this case with prejudice and without court-ordered costs or attorney fees to any party. Any trial date and pretrial dates previously set are hereby VACATED and any pending motion is hereby STRICKEN. If the parties are unable to perfect their settlement, they may move to reopen this case within 60 days of this order.

This is the Court's preferred course of action.

Absent the parties' agreement to the Court's preferred course of action, the Court will impose a deadline (typically 30 days from the notification of settlement) for the parties to submit a stipulated dismissal. If the parties do not submit a stipulated dismissal by that deadline, the Court will enter its standard order of post-settlement dismissal.

## V. MOTIONS AND OTHER BRIEFING

### A. Table of Authorities is Not Required

Judge King does not require a table of authorities.

### B. Courtesy Copies are Not Required

Judge King does not require courtesy copies.

### C. Citations Should be in the Body of the Brief, Not in Footnotes

Citations must be included in the body of the briefing, not in footnotes, with the exception of citations following explanatory footnotes.

### D. Briefs and Exhibits Should be Searchable

If possible, all PDF documents, including exhibits, should be scanned using Optical Character Recognition ("OCR") and encoded as a searchable PDF.

### E. Motions to Alter Case Schedule

In proposing new deadlines, the parties should endeavor to provide at least as much time between deadlines as shown in the scheduling template in Section I. Judge King will not decrease the amount of time between the summary judgment motion noting date and the trial date, or between the motion in limine noting date and the trial date, unless the parties set forth an extraordinary basis for doing so.

### F. Meet and Confer Required Before Filing Dispositive Motions

Counsel must make a meaningful effort to confer prior to filing a dispositive motion. Such motions must contain a certification of conferral that is clearly visible within either the first substantive paragraph or the final paragraph of the motion. Counsel should provide for at least three business days between attempts to confer and a motion's filing and must explain their specific efforts to comply if contact was not successfully made.

To reduce the burden of litigation on pro se litigants, pro se parties are not required to meet and confer. However, if at least one party on each side is represented by an attorney, the meet and confer requirement still applies and pro se parties are encouraged, but not required, to attend.

### G. Briefing Schedule for Cross-Motions for Summary Judgment

Consistent with LCR 7(k), if the parties plan on filing cross-motions for summary judgment, they should adhere to the following briefing schedule:

- **Deadline for dispositive motions:** plaintiff(s)' motion for summary judgment due (word limit 8,400 words). The motion shall be noted for 49 days from the filing date.

- **21 days after plaintiff(s)' motion:** defendant(s)' combined response/cross-motion for summary judgment due (word limit 14,000 words).

- **21 days after defendant(s)' combined response/cross-motion:** plaintiff(s)' combined reply/response due (word limit 8,750 words).

- **7 days after plaintiff(s)' combined reply/response:** reply from defendant due (word limit 4,200 words).

The parties may also propose a different briefing schedule in advance of the deadline. LCR 7(j). If parties file cross-motions for summary judgment without complying with the above briefing schedule or an alternate Court-approved schedule, the Court may strike their cross-motions and order them to comply with the above schedule.

### H. Motions in Limine

**Conferral required.** Before filing motions in limine, a party must make a good faith effort to meet and confer with the opposing party. Parties are discouraged from filing motions in limine that (1) do not identify specific evidence or exhibits to be excluded, (2) request relief at a high level of generality, or (3) merely ask the Court to apply the Federal Rules of Evidence.

**Noting dates.** All motions in limine must be filed no later than 35 days before trial and noted for consideration 21 days from the date of filing. Any opposition papers shall be filed and received by the moving party no later than 15 days after the filing date of the motion. No reply papers shall be filed unless the Court orders otherwise.

## VI. EMAIL ADDRESS FOR PROPOSED ORDERS

Pursuant to this District's Electronic Filing Procedures, the moving party must email a Microsoft Word version of a proposed order to kingorders@wawd.uscourts.gov. Parties may not send requests for substantive relief to this email address.

## VII. DISCOVERY DISPUTES

Before filing a motion to compel or a motion for a protective order, a party must make a good faith effort to meet and confer with the opposing party. *Parties are encouraged to submit discovery disputes jointly through the procedure set forth in LCR 37(a)(2).*

When presented with disputes regarding discovery issues that are particularly time-sensitive, counsel may *jointly* contact the Courtroom Deputy, Natalie Wood, by email at natalie_wood@wawd.uscourts.gov to request, and if granted, make arrangements for a telephone or virtual conference with the Court.

A party who serves discovery requests on third parties must provide notice of these discovery procedures to such parties. These parties will be expected to comply with these procedures.

## VIII. ARTIFICIAL INTELLIGENCE

By filing a pleading, written motion, or other paper, an attorney or unrepresented party "certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances":

(1) it is not being presented for any improper purpose, such as to harass, cause

> unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). If the court determines that Rule 11(b) has been violated, "the court may impose an appropriate sanction on any . . . party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1).

Inclusion of nonexistent authority or factual contentions created by Artificial Intelligence in a brief or other filing "is plainly a violation of a signer's certification under Rule 11[.]" *Lewis v. Eagle Cnty. Gov't*, No. 25-CV-02269-NYW-NRN, 2025 WL 3639608, at *6 (D. Colo. Nov. 14, 2025) (quoting Fed. R. Civ. P. 11(b)(2)). The Court may impose severe sanctions, up to and including financial sanctions and dismissal of a complaint or counterclaims, for violations of Rule 11.

## IX. DEFAULT AND DEFAULT JUDGMENT

### A. Process

To obtain default judgment under Federal Rule of Civil Procedure 55 and LCR 55, a plaintiff must first request entry of default from the Clerk of the Court and then, after the Clerk has issued an entry of default, apply to the Court for default judgment.

### B. Motion Length

Motions for default judgment may include up to 8,400 words. This is longer than the length permitted under the Local Civil Rules. Parties still must certify their compliance with the 8,400 word limit under LCR 7(e)(6).

### C. Content of Motions; No Fee Award for Correcting Errors

Motions for default judgment must provide sufficient information for the Court to enter judgment. Specifically:

1. The movant must establish subject matter jurisdiction and personal jurisdiction.

2. The movant must support a motion for default judgment with a declaration.

3. The movant must address the factors set forth in *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

4. The movant must separately state the amounts owing on the principal claim, liquidated damages (if applicable), pre- and post-judgment interest on the principal claim (if applicable), and reasonable attorney's fees (if applicable).

5. The movant must provide a concise explanation of how all amounts were calculated, and must support this explanation with adequate evidence establishing the amount of the principal claim, the interest owing, the attorney's fees, and other relevant amounts.

6. If the claim is based on a contract, the movant must provide the Court with a copy of the contract and draw the Court's attention to the relevant provisions.

7. If an interest rate other than that provided by 28 U.S.C. § 1961 applies, the movant must state the rate and the reasons for applying it, and include all interest calculations.

8. In diversity cases, the movant must address what jurisdiction's law applies to their substantive claims and remedies.

The Court urges movants to take care to sufficiently address all relevant information; it will not award fees incurred correcting mistakes. *See Stephens v. Marino, White, O'Farrell & Gonzalez*, No. C10-5820BHS, 2011 WL 4747920, at *4 (W.D. Wash. Oct. 7, 2011); *Johnson v. Peter*, No. C21-1602-LK, 2023 WL 22021, at *8 (W.D. Wash. Jan. 3, 2023).

## X. TRIALS

### A. Jury Instructions

Judge King instructs every jury twice: prior to opening statements (preliminary instructions) and at the conclusion of the evidence (final instructions).

Proposed jury instructions must be submitted both on the docket and in Word format via e-mail. The Court recommends the latest version of the https://www.ce9.uscourts.gov/jury-instructions/ as the preferred proposed instructions. Instructions must comply with LCR 51 and include the parties' proposals for both preliminary and final instructions. Instructions should be sent to kingorders@wawd.uscourts.gov and natalie_wood@wawd.uscourts.gov. The proposed instructions should also include a proposed verdict form.

After reviewing the parties' proposed jury instructions and prior to trial, the Court will issue a set of proposed preliminary instructions. Prior to the Court giving these instructions to the jury, each side will be permitted to take exceptions to the Court's proposed instructions. Each juror is given a set of preliminary instructions to keep with them throughout the trial.

Before the conclusion of the case, the Court will issue a set of proposed final instructions. Counsel is then given a second opportunity to take exceptions. The jury will return the first set of instructions and the second, final set will be read to the jury. Jurors may keep their final instructions to use during deliberations.

### B. Civil Jury Impanelment Procedures

Before a jury panel is brought into the courtroom, counsel will be given copies of the juror information forms. These forms contain basic information about each prospective juror. The jurors will be seated according to their assigned juror number.

The initial voir dire examination is done by the Court, utilizing the Court's general voir dire questions (*see* Section X.C). Questions proposed by counsel in advance of trial may also be used. When the Court has finished asking questions, counsel for each side may ask questions. Each party will be subject to time limits set by the Court at the pretrial conference. Parties are permitted to ask for additional time if they believe they need it.

Challenges for cause and peremptory challenges are made following the conclusion of counsel's voir dire, outside the presence of the panel. A form for peremptory challenges will be provided. Once a final jury has been chosen, the jury is sworn and impaneled and the other panelists are thanked and excused. The Court will not indicate to the panel who made a challenge.

Under Federal Rule of Civil Procedure 48, the jury will consist of not fewer than six and not more than 12 members. There will be no alternates. The Court will discuss how many jurors will be impaneled at the pretrial conference. No jury will be seated with fewer than seven members to ensure that the panel can deliberate should a juror be excused during the trial. The jurors will be the panelists with the lowest number remaining after all challenges have been exercised.

Counsel are free to request modifications of this procedure.

### C. The Court's General Voir Dire Questions

The Court's general voir dire questions are available at: http://www.wawd.uscourts.gov/judges/king-procedures.

### D. Objections to Deposition Designations

Objections to deposition designations and responses thereto should be submitted in the format provided at https://www.wawd.uscourts.gov/judges/king-procedures.

### E. Procedures for Handling Exhibits

#### 1. <u>Non-Electronic Exhibits</u>

Exhibit stickers/labels/tags can be obtained from the Clerk's Office. Exhibit tags generated electronically are also acceptable.

All trial exhibits must be pre-marked by counsel. Each exhibit must be clearly marked.

Plaintiff(s)' exhibits must be numbered consecutively beginning with 1; defendant(s)' exhibits must be numbered consecutively beginning with 500. Duplicate documents must not be listed twice. Once a party has identified an exhibit on the exhibit list or in the pretrial order, any party may use it.

Each set of exhibits must be submitted in a three-ring binder with appropriately numbered tabs. The original and one copy of the trial exhibits are to be delivered to Natalie Wood, Courtroom Deputy, seven days before the trial date. If JEEP (Jury Evidence Electronic Presenter) is being used, only one set of paper exhibits from each side is required.

If the exhibit list, pretrial order, or witness list is revised at any time after it is filed with the Court, counsel must file a revised exhibit list with the Court and provide the Courtroom Deputy with a redlined version indicating the changes.

If additional exhibits are marked in the course of trial (for example, for impeachment purposes), counsel must provide extra copies of the exhibits for opposing counsel and for the Court.

Training on the evidence presentation devices in the courtroom strongly encouraged. See https://www.wawd.uscourts.gov/attorneys/trial-support for more information. At the pretrial conference, the parties must coordinate with the Courtroom Deputy to schedule a time to test any equipment that the parties wish to use at trial.

### 2. Jury Evidence Electronic Presenter

If the parties are using JEEP, the IT Department for the U.S. District Court will provide a laptop computer that has been prepared specifically for presentation of electronic exhibits to jurors for use during deliberations. This laptop will not have any network access, internet browsing capability, or tools for opening files that are not specific to viewing or hearing evidence.

The IT Department will also provide a portable flat screen monitor and a pair of computer speakers, in a location in the jury room that will allow all jurors to have a clear view of the content on the screen.

Before exhibits are provided to the jury, the parties will be provided an opportunity to review all admitted exhibits and confirm inclusion of the proper exhibits. Once counsel has agreed to the content, the laptop with the admitted exhibits will be presented to the jurors and a brief tutorial will be given.

**Submitting Electronic Evidence**

Exhibits must be delivered to the Courtroom Deputy prior to the trial date. Exhibits are to be delivered in the following format:

- Exhibits must be on a thumb drive or uploaded to the Court's Box.com folder in PDF format.
- Each exhibit must be a single PDF document.
- PDF documents should be scanned using Optical Character Recognition if possible and encoded as a searchable PDF.
- Exhibits that contain audio or video must be playable in Windows Media Player.

- Exhibits must be numbered as follows:

| | | | |
|---|---|---|---|
| Plaintiff: | 001 | Defendant: | 500 |
| | 002 | | 501 |
| | 003 | | 502 |
| | 004 | | 502 |

- An exhibit list in Microsoft Word format must be emailed to the Courtroom Deputy at natalie_wood@wawd.uscourts.gov prior to the trial date.

Questions should be directed to natalie_wood@wawd.uscourts.gov.

### F. Proposed Findings of Fact and Conclusions of Law Following a Bench Trial

Proposed findings of fact and conclusions of law submitted following a bench trial must contain specific references to the affidavits, declarations, exhibits, transcripts, and other parts of the record and supporting materials relied upon to support the fact described in the proposed finding/conclusion.

## XI. COMMONLY USED CIVIL FORMS

The example forms below can be found on http://www.wawd.uscourts.gov/judges/king-procedures:

- Pretrial Conference Checklist (Civil Jury Trial)
- Pretrial Conference Checklist (Civil Bench Trial)
- Objections to Designations of Deposition Excerpts
- Trial Exhibit List
- Peremptory Challenges of Jurors

## XII. PATENT CASES

### A. Scheduling

Unless another time schedule is necessitated by information provided in the Joint Status Report, the Court generally follows the schedule laid out in the Local Patent Rules.

The Court will not rule on dispositive motions that raise issues of claim construction prior to the Markman Hearing, unless special circumstances warrant and leave of Court is obtained in advance of filing.

### B. Tutorial and/or Court-Appointed Neutral Expert and Claim Construction Hearing

The Court or the parties can request that the Court have a tutorial on the subject matter of the patent(s) at issue prior to the Hearing. In those instances, the Court will schedule a tutorial to occur one to four weeks prior to the Hearing. The parties, in consultation with the Court, will jointly agree to the format of the tutorial, including a summary and explanation of the subject matter at issue. The length of the tutorial will depend upon the subject matter. Visual aids and suggestions for reading materials are encouraged.

Alternatively, depending on the technology involved, the Court may determine that the assistance of a neutral expert would be helpful. In such an instance, the Court may direct the parties to confer and, if possible, reach an agreement as to three experts in the field that would be appropriate to act as neutral expert to assist the Court during the claim construction proceedings and/or the trial of this matter. The Court will then choose one to appoint as a neutral expert pursuant to Federal Rule of Evidence 706. In such a situation, the parties will split the cost of the expert equally.

The claim construction hearing will be set for one full trial day (5 hours). If more or less time is required, the parties are instructed to inform Natalie Wood, Courtroom Deputy, at Natalie_Wood@wawd.uscourts.gov.

## XIII. GUIDANCE FOR PRO SE LITIGANTS IN CIVIL CASES

Parties who represent themselves in civil litigation should be aware that the Court expects all parties—pro se and those represented by counsel—to comply with applicable law. The following resources may be helpful to those representing themselves in civil matters:

- General information on forms, fees, and how to file a motion for appointment of counsel can be found at: https://www.wawd.uscourts.gov/representing-yourself-pro-se
- Local Civil Rules for the Western District of Washington can be found at: https://www.wawd.uscourts.gov/local-rules-and-orders
- Federal Rules of Civil Procedure can be found at: https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure
- Legal citation guide: https://www.legalbluebook.com; https://law.resource.org/pub/us/code/blue/IndigoBook.html

## XIV. QUESTIONS OR SUGGESTIONS REGARDING THIS STANDING ORDER

Parties may submit questions on, or suggestions for improvement to, this Standing Order to Natalie_Wood@wawd.uscourts.gov. If the party has a case before the Court, all parties must be copied on the message. The Court may address the matter on the record as appropriate.