z

HONORABLE LAUREN KING

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MARK HOFFMAN, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br>vs.<br><br>4 PILLAR CONSULTING, LLC, aka 4 PILLAR CONSULTING HOLDINGS, LLC, aka 4 PILLAR CONSULTING SYNDICATION, LLC, and DOES 1-10,<br><br>Defendants. | NO. 2:26-cv-03102-LK<br><br>PARTIES' JOINT STATUS REPORT & DISCOVERY PLAN |

COME NOW Plaintiff Mark Hoffman ("Plaintiff") and Defendant 4 Pillar Consulting, LLC ("Defendant" or "4 Pillar") (collectively, the "Parties"), by and through their counsel of record, and hereby submit this Joint Status Report and Discovery Plan pursuant to the Court's September 2, 2026 Order. *See* Dkt. 9.

1. **<u>Statement of nature and complexity of case.</u>**

**<u>Plaintiff's Statement:</u>**

The Plaintiff alleges 4 Pillar and its agents engage in unsolicited telemarketing calls and text messages to the Plaintiff and consumers like the Plaintiff. The Plaintiff has brought this action to enforce the Telephone Consumer Protection Act ("TCPA"), Washington Telephone Solicitation Act ("WTSA"), Washington Commercial Electronic Mail Act ("CEMA") and Washington Consumer Protection Act ("CPA"), alleging 4 Pillar violated all these acts by making telemarketing calls and/or sending text messages to the Plaintiff and other putative class members without their express consent.



NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 971-800-6000
FX: 206-800-6015

The Plaintiff has filed this action seeking to represent the following Classes, subject to discovery:

**NATIONWIDE CLASSES**

**DNCR Class**: The Plaintiff and all persons within the United States: (1) whose residential telephone numbers were on the National Do Not Call Registry for at least 31 days; (2) but who received more than one telephone solicitation call from Defendants (3) within a 12-month period; (4) within the four years prior to the commencement of this action through class certification.

**False or misleading Caller ID class**: Plaintiff and all persons within the United State who from four years prior to the commencement of this action through class certification the Defendants called for the purpose of encouraging the recipients to purchase property, goods, or services while failing to transmit a calling number that would permit the called party to make a do-not-call request during regular business hours and willfully failing to transmit the name of the telemarketer or the name of the seller on behalf of which the telemarketing call was placed.

**Procedures Class:** The Plaintiff and all persons within the United States who from four years prior to the commencement of this action through class certification, made a do not call request to one or more Defendant and Defendants did not have sufficient procedures instituted to prevent further telephone solicitation calls to that person, and that person received further telephone solicitation calls from the Defendants.

**WASHINGTON STATE CLASSES**

**WA DNCR Class:** The Plaintiff and all persons within Washington State who from four years prior to the commencement of this action through class certification the Defendants initiated a telephone solicitation to a phone number that was registered on the do not call registry maintained by the federal government pursuant to telephone consumer protection act, 47 U.S.C. § 227 and related regulations in violation of RCW 80.36.390(9).

**WA Removal Class**: Plaintiff and all persons within Washington State who from four years prior to the commencement of this action through class certification, (1) told the Defendants pursuant to RCW 80.36.390(7), that he or she did not want to be called or again and the Defendants (2) did not inform the called party that his or her phone number would be removed from the telephone solicitor's telephone lists for at least one year and/or (3) the Defendants made additional telephone solicitations to the called number within a year.

**WA CEMA Class** The Plaintiff and all persons within Washington State who from four years prior to the commencement of this action through class certification, the Defendants initiated or assisted in the transmission of one or more commercial



NW DR
NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 971-800-6000
FX: 206-800-6015

electronic text messages to their phone number without consent in violation of RCW 19.190.060.

**Defendant's Statement:**

Defendant disputes all of Plaintiff's allegations, contends Plaintiff's claims are wholly without legal or factual merit, and contends Plaintiff's Complaint (*see* Dkt. 1-1) is facially deficient. Defendant further disputes that Plaintiff's position statement above is in any way an accurate recitation of the facts in this case generally or of applicable law or that this case is capable of or appropriate for class treatment. For the avoidance of doubt, Defendant denies violating any law and denies liability under the TCPA, WTSA, CEMA, CPA, or otherwise.

**2. Proposed deadline for joining additional parties.**

The Parties propose 120 days after the commencement of discovery as the deadline for joining additional parties.

**3. Assignment of Magistrate**

The Parties do not consent to assignment of a Magistrate.

**4. Proposed Discovery Plan (Fed. R. Civ. P. 26(f)(3)).**

**A. Initial Disclosures**

The Parties Rule 26(f) conference took place on September 29, 2026. The Parties provided their initial disclosures to each other on or before October 14, 2026.

**B. Subjects, timing, and potential phasing of discovery.**

As discussed further below, the Parties have agreed to stay all discovery during the pendency of Defendant's Rule 12 dispositive motion (to the extent one is filed on Defendant's deadline to do so) and that, if discovery proceeds, it should be bifurcated.

**Plaintiff:**

The Plaintiff anticipates that discovery will be needed on the requisites of Fed. R. Civ. P. 23 to support his anticipated motion for class certification as well as the merits of Plaintiff's TCPA, WTSA, CEMA and CPA claims to prepare for trial, or to oppose any summary judgment motion that 4 Pillar may file. The Plaintiff will seek from 4 Pillar, or third parties retained on its behalf, (1) ESI regarding the calls placed and text messages sent in this case and any purported



NWDR
NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 971-800-6000
FX: 206-800-6015

leads related thereto; (2) email and other communications related to telemarketing and any relationship with an agent who made calls or sent the text messages for 4 Pillar; (3) ESI related to any purported consent to receive calls and/or text messages; (4) 4 Pillar's policies and procedures concerning TCPA, WTSA, CEMA and CPA compliance; and (5) telemarketing complaints received by 4 Pillar and its responses thereto. (6) ESI regarding the calls placed to and text messages sent to the proposed Classes and any purported leads related thereto.

**Defendant:**

Defendant submits that, if discovery in this matter proceeds, evidence in this matter may include (but may not be limited to) relevant documents and witness testimony relating to, supporting, and with respect to jurisdictional issues, Defendant's alleged liability, the merits of Plaintiff's TCPA, WTSA, CEMA and CPA claims and Defendant's affirmative defenses thereto, causation, class certification, class membership, and damages. Third party discovery may also be required. Evidence may also include the devices assigned to the subject phone number(s) in the Complaint, Plaintiff's computing devices, and relevant evidence in the possession of third parties, if any. Defendant intends to depose, at minimum, Plaintiff.

**The Parties**:

The Parties agree that discovery should be stayed pending 4 Pillar's forthcoming motion to dismiss. The Parties further agree that, given the nature of the claims alleged, a bifurcated discovery schedule is appropriate. The commencement of 180 days of individual discovery relating solely to the merits of Plaintiff's individual claims and 4 Pillar's defenses thereto shall begin upon the occurrence of any of the following triggering events:

(1) This Court denying 4 Pillar's motion to dismiss as to Plaintiff's current Complaint or any amended complaint.
(2) 4 Pillar withdrawing its motion to dismiss.
(3) 4 Pillar not filing a motion to dismiss by October 8, 26.
(4) Plaintiff's amending of his complaint in response to 4 Pillar's motion to dismiss, and 4 Pillar's failure to file a subsequent motion to dismiss within 14 days after service of the amended complaint.



NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 971-800-6000
FX: 206-800-6015

Dispositive (summary judgment) motions on Plaintiff's individual claims, if any, will be due no later than 45 days after the end of individual discovery. Oppositions to same if any, shall be due no later than 30 days after the opening motion is filed. Reply briefs in support of dispositive motions, if any, shall be due no later than 30 days after the opposition is filed. If no dispositive motions are filed in this time period, then class-wide discovery shall commence on the 46th day after the end of individual discovery. If any dispositive motions as to Plaintiff's individual claims are filed, class-wide discovery shall commence after this Court makes a ruling on the dispositive motion(s), should the case not be dismissed. Class-wide discovery shall proceed for a period of 304 days.

Dispositive motions on the class claims, if any, will be due no later than 45 days after the end of class discovery. Oppositions to same if any, shall be due no later than 30 days after the opening motion is filed. Reply briefs in support of dispositive motions, if any, shall be due no later than 30 days after the opposition is filed.

The Parties do not believe discovery should be conducted in phases or be limited to or focused on particular issues, other than the bifurcation of individual and class-wide discovery discussed above, and the timelines for fact and expert discovery discussed below.

**C. Electronically stored information.**

At this time, the Parties do not anticipate the need for discovery of electronically stored information ("ESI") from sources that are not reasonably accessible because of undue burden or cost. Rather, the Parties anticipate the need for discovery of ESI from sources reasonably available to the parties and/or third parties in the ordinary course of business. The Parties anticipate entering into the Model Protocol for Discovery of ESI, and intend to submit same to the Court for entry shortly.

**D. Privilege issues.**

The Parties may redact documents that may be partially privileged. 4 Pillar believes that documents that are responsive to discovery but are communications with counsel may be privileged in their entirety and may be withheld from production but must be identified in an



NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 971-800-6000
FX: 206-800-6015

appropriate privilege log (with the exception of communications by counsel for the Parties during the litigation, which need not be logged). The Plaintiff believes that documents that are responsive to discovery but are communications with counsel are privileged in their entirety and may be withheld from production but must be identified in an appropriate privilege log (with the exception of communications by counsel for the Parties during the litigation, which need not be logged). The Parties believe that a claw-back provision as contained in the Model Protocol for Discovery of ESI would be beneficial.

**E. Proposed limitation on discovery.**

The Parties believe that discovery should by bifurcated and proceed upon the triggering events outlined in section 3.B. above. The Parties do not propose further limitations on discovery, other than the limitations provided under the Local Rules, Federal Rules, or any applicable orders of this Court.

**F. The need for any discovery related orders.**

The Parties believe this case would benefit from entry of a protective order in the form of Model Stipulated Protective Order. The Parties anticipate submitting to the Court a proposed stipulated protective order should discovery commence and agree to provide a redline copy showing any proposed deviations from the Model Stipulated Protective Order.

**5. <u>Local civil rule 26(f)(1) topics.</u>**

**A. Prompt case resolution.**

The Parties have discussed and will continue to discuss the possibility of promptly resolving the case.

**B. Alternative dispute resolution.**

The Parties will discuss the possibility of participating in an early mediation, but no decision has been reached at this time.

**C. Related cases.**

The Parties have filed no notices of related cases in this matter.

**D. Discovery management.**



NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 971-800-6000
FX: 206-800-6015

The Parties submit their anticipated scope of discovery positions above and below.

**E. Subjects on which discovery is sought.**

**Plaintiff:**

The Plaintiff will seek from 4 Pillar and third parties retained on its behalf, (1) ESI regarding the calls placed and text messages sent in this case and any purported leads related thereto; (2) email and other communications related to telemarketing and any relationship with an agent who made calls for 4 Pillar; (3) ESI related to any purported consent to receive calls and/or text messages; (4) 4 Pillar's policies and procedures concerning TCPA, WTSA, CEMA and CPA compliance; and (5) telemarketing complaints received by 4 Pillar and its responses thereto; (6) ESI regarding the calls and/or text messages placed or sent to the proposed Classes and any purported leads related thereto.

**Defendant:**

Please see Defendant's statement in section 4.B above, which is incorporated by reference.

**Phasing motions.**

Please see the Parties' statement section 4.B above, which is incorporated by reference.

**F. Preservation of discoverable information.**

The Parties have undertaken efforts to preserve potentially discoverable information in their possession, custody, and control.

**G. Privilege issues**

Please see section 4. D above.

**H. Model protocol for discovery of ESI.**

The Parties believe the model protocol for discovery of ESI is appropriate.

**I. Alternative to model protocol.**

None at this time.

**6. Completion of discovery.**



NWDR
NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 971-800-6000
FX: 206-800-6015

The Parties believe that a bifurcated discovery schedule as outlined in Section 4.B is appropriate.

**7. Bifurcation.**

See bifurcated discovery described above. The Parties do not believe that a bifurcated trial is necessary.

**8. Pretrial statements and orders.**

The Parties believe that the pretrial statements and orders called for under the local civil rules will be useful and should be required.

**9. Individualized trial program / ADR.**

The Parties do not currently intend to utilize the individualized trial program set forth in Local Civil Rule 39.2 or any ADR options set forth in Local Civil Rule 39.1.

**10. Suggestions for shortening or simplifying the case.**

Within 30 days after the end of class-wide discovery, the Plaintiff shall file his motion to certify this matter as a class action pursuant to Fed. R. Civ. P. 23. 4 Pillar's Response, if any, shall be due no later than 30 days after the Plaintiff's motion is filed. Plaintiff's Reply, if any, shall be due no later than 30 days after the 4 Pillar's Response is filed.

**11. Date the case will be ready for trial.**

The later of three months after entry of any order granting or denying class certification or six months after the close of class discovery.

**12. Whether trial will be jury or non-jury.**

Jury.

**13. Number of days required.**

The Parties believe that 10 trial days are required if all Classes are certified or 3 days if no Classes are certified.

**14. Trial counsel.**

Names, addresses, and telephone numbers of all trial counsel are as follows:

**For Plaintiff:**



NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 971-800-6000
FX: 206-800-6015

Peter Schneider
NORTHWEST DEBT RESOLUTION LLC
10900 NE 4TH ST STE 2300
BELLEVUE, WA 98004
206-800-6000
206-800-6015 (fax)
peter@nwdebtresolution.com

**For Defendant:**

A. Paul Heeringa (admitted *pro hac vice*)
MANATT, PHELPS & PHILLIPS, LLP
2049 Century Park East, Suite 1700
Los Angeles, CA 90067
Tel: 312.529.6300
PHeeringa@manatt.com

Rossi F. Maddalena, WSBA #39351
MERRICK, HOFSTEDT & LINDSEY, P.S.
3101 Western Avenue, Suite 200
Seattle, WA 98121
Tel. (206) 682-0610
Email: rmaddalena@mhlseattle.com

**15. Dates on which trial counsel may have conflicts.**

None for Plaintiff or Defendant at this time.

**16. Service on Defendant.**

4 Pillar has been served.

**17. Scheduling conference.**

The Parties believe a scheduling conference with the Court would be appropriate upon a triggering event outlined in Section 4.B.

**18. Corporate disclosure statements.**

4 Pillar filed its corporate disclosure statement on August 31, 2026 at Dkt. 2.

**19. Video recording of hearings.**

The Plaintiff reserves his rights to having hearings video recorded.

DATED:October 28, 2026

Respectfully Submitted

/s/ Peter Schneider

Peter Schneider, WSBA# 43131
NORTHWEST DEBT RESOLUTION LLC
10900 NE 4TH ST STE 2300
BELLEVUE, WA 98004
PH: 971-800-6000
FX: 206-800-6015
peter@nwdebtresolution.com

*Attorney for Plaintiff*

/s/ A. Paul Heeringa (with permission)

A. Paul Heeringa (admitted *pro hac vice*)
MANATT, PHELPS & PHILLIPS, LLP
2049 Century Park East, Suite 1700
Los Angeles, CA 90067
Tel: 312.529.6300
PHeeringa@manatt.com

Rossi F. Maddalena, WSBA #39351
MERRICK, HOFSTEDT & LINDSEY, P.S.
3101 Western Avenue, Suite 200
Seattle, WA 98121
Tel. (206) 682-0610
Email: rmaddalena@mhlseattle.com

*Attorneys for Defendant*