UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARK HOFFMAN, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>4 PILLAR CONSULTING, LLC, d/b/a 4 PILLAR FUNDING,<br><br>Defendant. | NO. 2:26-cv-03102-LK<br><br>1st AMENDED CLASS ACTION COMPLAINT FOR INJUNCTIVE AND OTHER RELIEF FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, WASHINGTON TELEPHONE SOLICITATION ACT, RCW 80.36.390, WASHINGTON COMMERCIAL ELECTRONIC MAIL ACT, RCW 19.190.060, & WASHINGTON CONSUMER PROTECTION ACT, RCW 19.86.090<br><br>JURY TRIAL DEMANDED |

COMES NOW the Plaintiff, MARK HOFFMAN, on behalf of himself and others similarly situated and complains against Defendant 4 PILLAR CONSULTING, LLC d/b/a 4 PILLAR FUNDING and alleges:

## I. INTRODUCTION

1. This case arises from at least 41 sales calls and six text messages that Defendant, 4 Pillar Funding, directed to Plaintiff Mark Hoffman's two personal cell phone numbers between October 2025 and April 2026, despite both numbers being registered on the National Do Not



NWDR
NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 971-800-6000
FX: 206-800-6015

Call Registry and Mr. Hoffman repeatedly telling the Defendant he was not interested in its products or services.

2. The calls and text messages did not come from an unidentified lead generator. Defendant's own employees called and texted Mr. Hoffman and followed up their calls with emails sent from Defendant's email domain (@4pillarfunding.com), signed with Defendant's name, office address, and telephone numbers and linking to the funding application on Defendant's own website.

3. Defendant kept calling and texting after it received Mr. Hoffman's written do-not-call request on March 13, 2026. Mr. Hoffman brings this action for himself and similarly situated persons under the Telephone Consumer Protection Act, 47 U.S.C. § 227(c) and various and sundry Washington State statutes.

## II. PARTIES, JURISDICTION & VENUE

4. Plaintiff Mark Hoffman is an individual who resides in King County, Washington. He has been a Washington resident at all relevant times, and he received each of the calls and text messages described below while in Washington.

5. Defendant 4 Pillar Consulting, LLC d/b/a 4 Pillar Funding ("4 Pillar" or "Defendant") is a New York limited liability company with its principal address believed to be 268 Broadway, Suite 201, Saratoga Springs, NY 12866.

6. Defendant has represented to this Court that it does business as "4 Pillar Funding." Dkt. 2. The representatives who called, texted, and emailed Mr. Hoffman, described below, identified themselves through their email addresses and email signatures as working for "4 Pillar" or "4 Pillar Funding."

7. Defendant conducts business in Washington. Among other things, it markets its funding products and services to people in Washington by telephone and text message, including



NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 971-800-6000
FX: 206-800-6015

through the calls and text messages it directed to Mr. Hoffman's Washington area code phone numbers described below.

8. Defendant directed the calls and text messages at issue to Mr. Hoffman's Washington area code numbers between October 2025 and April 2026, and he received them in King County, Washington.

9. This Court has subject-matter jurisdiction over the Plaintiff's federal claims pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367(a).

10. This Court has specific personal jurisdiction over the Defendant as it marketed its products and services to the Plaintiff and has purposefully availed itself of the privilege of conducting business activities within Washington State, and Plaintiff's claims arise directly out of or relate to those activities.

11. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1441(a) because Defendant removed this action from the Superior Court of Washington for King County to the United States District Court for the Western District of Washington. Venue is further proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's and the putative class members' claims occurred within this Judicial District.

## III. FACTUAL ALLEGATIONS

**Lead Plaintiff Mark Hoffman**

12. Mr. Hoffman is and was the subscriber and regular user of the Washington State area code phone numbers that received the calls and text messages.

13. Mr. Hoffman uses his phone numbers for personal use only, as one would use what used to be referred to colloquially as a "landline."

14. Mr. Hoffman pays for the phone numbers out of his own pocket. No business pays for, reimburses, or claims the Washington area code phone as a business expense.



NWDR
NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 971-800-6000
FX: 206-800-6015

15. Mr. Hoffman uses the phone numbers for personal, family, and household purposes, such as to talk and text with family and friends and to communicate with his doctors, his bank, and things of that nature. He uses them primarily at home. He does not use them for work or business.

16. Mr. Hoffman registered his phone numbers on the Federal Trade Commission's national do not call registry at least 31 days prior to the phone calls at issue in the 1st Amended Complaint.

17. Before the first call described below, Mr. Hoffman had no relationship of any kind with Defendant: he had never signed any written agreement with Defendant agreeing to be called or texted, never applied for or purchased any of Defendant's products or services, and never made any inquiry to Defendant about them. He has never signed such an agreement with, applied to, or purchased anything from Defendant since. He never asked for or consented to receiving telemarketing calls or text messages from the Defendant.

**The Calls**

18. At no time relevant to this lawsuit did Mr. Hoffman consent to any solicitations from the Defendant.

19. Mr. Hoffman also asked Defendant to stop. Defendant received his written do-not-call request, sent via USPS certified mail, on March 13, 2026, and on March 27, 2026, he replied to a text message from Defendant's representative Trenton Girard: "Trenton, stop calling me." Mr. Girard acknowledged the request.

20. The table below lists the calls and text messages Defendant sent or made to Mr. Hoffman.

| Call | Date | Caller ID | Called # | Voice/ Text | Description |
|---|---|---|---|---|---|
| 1 | 10/3/2025 | 206-774-8415 | -3397 | V | A sales call from 4 Pillar. |
| 2 | 10/3/2025 | 206-774-8415 | -9916 | V | A sales call from 4 Pillar. |
| 3 | 10/13/2025 | 206-774-8415 | -3397 | V | A sales call from 4 Pillar. |
| 4 | 10/13/2025 | 206-774-8415 | -9916 | V | A sales call from 4 Pillar. |



NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 971-800-6000
FX: 206-800-6015

| | | | | | |
|---|---|---|---|---|---|
| 5 | 10/28/2025 | 206-774-8415 | -9916 | V | A call from Jashaad Worthen at 4 Pillar , who did not volunteer that he worked for 4 Pillar. So that he could identify which entity Mr. Worthen worked for, Mr. Hoffman provided him with an email address but said that he wasn't interested in business funding. |
| 6 | 10/28/2025 | 206-774-8415 | -3397 | V | A sales call from 4 Pillar. |
| 7 | 11/3/2025 | 206-774-8415 | -3397 | V | A sales call from 4 Pillar. |
| 8 | 11/3/2025 | 206-774-8415 | -9916 | V | A sales call from Mr. Worthen. The next day, November 4, 2025, Mr. Hoffman replied in writing to Mr. Worthen's October 28 email: "As I mentioned during our call, I'm not interested." |
| 9 | 11/6/2025 | 206-774-8415 | -3397 | V | A sales call from 4 Pillar. |
| 10 | 11/20/2025 | 206-905-8473 | -9916 | V | A sales call from 4 Pillar. |
| 11 | 12/2/2025 | 206-905-8473 | -3397 | V | A sales call from 4 Pillar. |
| 12 | 12/2/2025 | 206-905-8473 | -9916 | V | A sales call from 4 Pillar. |
| 13 | 12/19/2025 | 206-905-8473 | -3397 | V | A sales call from 4 Pillar. |
| 14 | 12/19/2025 | 206-905-8473 | -9916 | V | A sales call from 4 Pillar. |
| 15 | 12/29/2025 | 206-905-8473 | -9916 | V | A sales call from 4 Pillar. |
| 16 | 1/16/2026 | 206-905-8473 | -3397 | V | A sales call from 4 Pillar. |
| 17 | 1/29/2026 | 206-905-8473 | -3397 | V | A sales call from 4 Pillar. |
| 18 | 2/11/2026 | 206-905-8473 | -3397 | V | A sales call from 4 Pillar. |
| 19 | 2/11/2026 | 206-905-8473 | -9916 | V | A sales call from 4 Pillar. |
| 20 | 2/20/2026 | 206-905-8473 | -3397 | V | A sales call from 4 Pillar. |
| 21 | 2/20/2026 | 206-905-8473 | -9916 | V | A sales call from 4 Pillar. |
| 22 | 2/25/2026 | 206-905-8473 | -9916 | V | A sales call from 4 Pillar. |
| 23 | 2/25/2026 | 206-905-8473 | -3397 | V | A sales call from 4 Pillar. |
| 24 | 2/26/2026 | 206-905-8473 | -9916 | V | A sales call from 4 Pillar. |
| 25 | 2/26/2026 | 206-905-8473 | -3397 | V | A sales call from 4 Pillar. |
| 26 | 2/27/2026 | 206-905-8473 | -3397 | V | A sales call from 4 Pillar. |
| 27 | 2/27/2026 | 206-905-8473 | -9916 | V | A sales call from 4 Pillar. |
| 28 | 3/3/2026 | 206-905-8473 | -3397 | V | A sales call from 4 Pillar. |
| 29 | 3/3/2026 | 206-905-8473 | -9916 | V | A sales call from 4 Pillar. |
| 30 | 3/12/2026 | 206-905-8473 | -3397 | V | A sales call from 4 Pillar. |
| 31 | 3/12/2026 | 206-905-8473 | -9916 | V | A sales call from 4 Pillar. |
| Mr. Hoffman used a reasonable written means to send the Defendant a do-not-call request and ask for a copy of their do-not-call policy. Defendant received Mr. Hoffman's request on March 13, 2026, and never responded to his request for their do-not-call policy. | | | | | |
| 32 | 3/16/2026 | 206-905-8473 | -3397 | V | A sales call from 4 Pillar. |
| 33 | 3/16/2026 | 206-905-8473 | -9916 | V | A sales call from 4 Pillar. |
| 34 | 3/17/2026 | 206-905-8473 | -3397 | V | A sales call from 4 Pillar. |
| 35 | 3/17/2026 | 206-905-8473 | -9916 | V | A sales call from 4 Pillar. |
| 36 | 3/20/2026 | 206-905-8473 | -3397 | V | A sales call from 4 Pillar. |
| 37 | 3/20/2026 | 206-905-8473 | -9916 | V | A sales call from 4 Pillar. |
| 38 | 3/25/2026 | 206-905-8473 | -3397 | V | A sales call from 4 Pillar. |
| 39 | 3/25/2026 | 206-905-8473 | -9916 | V | A sales call from 4 Pillar. Mr. Hoffman returned the call and spoke with Trenton Girard, who emailed another application for |



NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 971-800-6000
FX: 206-800-6015

| | | | | | |
|---|---|---|---|---|---|
| | | | | | business funding. On 3-27-26, Mr. Hoffman responded, "I'm not interested. Don't need it." |
| 40 | 3/26/2026 | 518-791-9044 | -9916 | V | A sales call from 4 Pillar. Trenton with the Defendant called and left a voicemail pitching "working capital". |
| 41 | 3/27/2026 | 518-791-9044 | -9916 | T | A sales text from Mr. Girard at 4 Pillar. Mr. Hoffman responded in writing: "Trenton, stop calling me." Trenton acknowledged receipt of the request. |
| 42 | 3/30/2026 | 518-791-9044 | -9916 | T | A sales text from Trenton at 4 Pillar. |
| 43 | 3/31/2026 | 518-791-9044 | -9916 | T | A sales text from Trenton at 4 Pillar. |
| 44 | 3/31/2026 | 518-791-9044 | -9916 | T | A sales text from Trenton at 4 Pillar. |
| 45 | 4/4/2026 | 518-791-9044 | -9916 | T | A sales text from Trenton at 4 Pillar. |
| 46 | 4/11/2026 | 518-791-9044 | -9916 | T | A sales text from Trenton at 4 Pillar. |
| 47 | 4/13/2026 | 518-302-2156 | -9916 | V | A sales call from 4 Pillar. |

21. Each call and text was made to encourage Mr. Hoffman to purchase Defendant's financial products and services. On every call Mr. Hoffman answered, voicemail he received, or text message delivered, the Defendant pitched Defendant's financial products and services.

22. This is evidenced by the following email exchange shortly after the conclusion of Defendant's October 28, 2025, solicitation call to the Plaintiff as shown below:

4 Pillar Funding | Application (just spoke)

JW Jashaad Worthen <jashaad@4pillarfunding.com>
To Robert Smith

Reply | Reply All | Forward | ...

Tue 10/28/2025 8:57 AM

Click here to download pictures. To help protect your privacy, Outlook prevented automatic download of some pictures in this message.

Robert,

Thanks for taking the time to speak with me today. As per our conversation I wanted to follow up with my contact info and our application. As a reminder all we need to process an approval is the following:

- 4 most recent business bank statements
- https://4pillarfunding.com/apply/

Should you have any questions please do not hesitate to contact me. If you could confirm you have received this when you have a moment it would be appreciated. Looking forward to working with you.

Jashaad Worthen
Cell: (518)698-6210
268 Broadway, Suite 201,
Saratoga Springs, NY 12866
4PillarFunding.com



NWDR
NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 971-800-6000
FX: 206-800-6015

Re: 4 Pillar Funding | Application (just spoke)

bobsmith92623@gmail.com
To Jashaad Worthen

Reply | Reply All | Forward

Tue 11/4/2025 12:37 PM

Click here to download pictures. To help protect your privacy, Outlook prevented automatic download of some pictures in this message.

As I mentioned during our call, I'm not interested.

-Mark Hoffman

---

On 10/28/2025 8:57 AM, Jashaad Worthen wrote:

Robert,

Thanks for taking the time to speak with me today. As per our conversation I wanted to follow up with my contact info and our application. As a reminder all we need to process an approval is the following:

- 4 most recent business bank statements
- https://4pillarfunding.com/apply/

Should you have any questions please do not hesitate to contact me. If you could confirm you have received this when you have a moment it would be appreciated. Looking forward to working with you.

Jashaad Worthen
Cell: (518)698-6210
268 Broadway, Suite 201,
Saratoga Springs, NY 12866
4PillarFunding.com

23. The Plaintiff was not interested in the Defendant's services and told the Defendant he wasn't interested in its products or services during the October 28, 2025, call, and a November 4, 2025, email response. These did not leave the Defendant confused about who he was or his lack of interest.

24. The October 28, 2025, caller was the Defendant's employee Jashaad Worthen, who right after initiating the call to the Plaintiff from phone number 206-774-8415 followed up with an email to the Plaintiff from jashaad@4pillarfunding.com.

25. The Defendant initiated at least nine phone calls to the Plaintiff from that same phone number 206-774-8415 (Nos. 1–9), including the November 3, 2025, call on which Mr. Hoffman again spoke with Mr. Worthen (No. 8). Defendant called from this number in a consistent pattern, usually calling both numbers on the same day.

26. The Defendant uses and controls the domain *4pillarfunding.com*.



NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 971-800-6000
FX: 206-800-6015

27. Defendant called the numbers at least 30 more times from 206-905-8473 between November 20, 2025, and March 25, 2026 (Nos. 10–39), often calling both Numbers on the same day. On March 25, 2026, Mr. Hoffman returned a missed call from 206-905-8473 to find out who was behind it. Trenton Girard answered on behalf of 4 Pillar. After the conclusion of the call, Mr. Girard emailed Mr. Hoffman from trent@4pillarfunding.com. Mr. Girard's signature block identified him as "Business Development Representative, 4 Pillar Funding," and listed his office line as 518-302-2206 and his cell phone as 518-791-9044.

28. Mr. Girard's signature block listed 518-791-9044 as his cell phone number. Defendant used that number to call the Plaintiff's 9916 number on March 26, 2026 (No. 40) and to text it six times between March 27 and April 11, 2026 (Nos. 41–46). When Mr. Hoffman replied "Trenton, stop calling me," to one of the texts, Mr. Girard acknowledged the request from the same number.

29. On or around March 5, 2026, Mr. Hoffman sent Defendant a written do-not-call letter by USPS certified mail, return receipt requested, to Defendant at 268 Broadway, Suite 201, Saratoga Springs, NY 12866. The letter demanded that Defendant stop calling and texting, and asked Defendant to send him a copy of its written do-not-call policy. Defendant received the letter on March 13, 2026, as shown by the USPS delivery record below:


SENDER: COMPLETE THIS SECTION
- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:
4 Pillar Consulting LLC
268 Broadway Ste 201
Saratoga Springs, NY
12866

9590 9402 9666 5199 5633 13

2. Article Number (Transfer from service label)
9589 0710 5270 2908 5292 53

COMPLETE THIS SECTION ON DELIVERY
A. Signature
X ☐ Agent ☐ Addressee
B. Received by (Printed Name) C. Date of Delivery
D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
Restricted Delivery
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053 Domestic Return Receipt



NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 971-800-6000
FX: 206-800-6015

30. Defendant never sent Mr. Hoffman a copy of any do-not-call policy, and it has not done so to this day.

31. Defendant did not stop calling. After receiving the request, it called the numbers at least eight more times between March 16 and March 25, 2026 (Nos. 32–39). When Mr. Hoffman returned the last of those calls on March 25, Defendant's representative did not mention the request and instead pitched Defendant's funding products and services.

32. These calls and texts annoyed and harassed the Plaintiff, wasted his time, and invaded his privacy and seclusion.

33. Answering the phone takes time that could be spent doing other things, and these calls do have a real, if small, cost in electricity and life of the phone.

## IV. CLASS ACTION

34. The Plaintiff brings this class action lawsuit pursuant to FRCP 23 and seeks certification of the following Classes:

### NATIONWIDE CLASSES

**DNCR Class**: All persons in the United States who, from August 31, 2022, through the date of class certification, received more than one call (including text messages) from Defendant within any 12-month period promoting Defendant's products or services, at a residential or cellular telephone number that had been registered on the National Do Not Call Registry for at least 31 days before the calls.

**Procedures Class:** All persons in the United States who, from August 31, 2022, through the date of class certification, (1) asked Defendant to stop calling or texting them, (2) received more than one call or text message from Defendant within a 12-month period promoting Defendant's products or services, and (3) received at least one of those calls or texts more than 30 days after the request (or, for requests made on or after April 11, 2025, more than ten business days after Defendant received the request).

### WASHINGTON STATE CLASSES

**WA DNCR Class:** All persons who, from August 31, 2022, through the date of class certification, received more than one voice call from Defendant promoting Defendant's products or services at a telephone number that had a Washington area code or was assigned to a Washington resident, and that was registered on the National Do Not Call Registry when the calls were made.



NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 971-800-6000
FX: 206-800-6015

> **<u>WA Removal Class</u>**: All persons who, from August 31, 2022, through the date of class certification, told Defendant during a telephone call that they did not want to be called again or wanted their number removed from Defendant's calling lists, and who then received one or more additional voice calls from Defendant at that number within one year promoting Defendant's products or services.

> **<u>WA CEMA Class</u>**: All persons who, from August 31, 2022, through the date of class certification, received one or more text messages from Defendant promoting Defendant's products or services at a cellular telephone number assigned to a Washington resident.

35. **Numerosity:** The exact number of Class members is unknown but based on the en masse nature of telemarketing it is believed to be at least thousands of persons at this time, such that individual joinder in this case is impracticable. Class members can be easily identified through Defendant's records.

36. **Commonality** There are many questions of law and fact common to the claims of Plaintiff and members of the Classes.

37. **Typicality:** The Plaintiff's claims are typical of the claims of other Class members in that Plaintiff, and Class members, sustained damages arising out of the Defendant's telemarketing calls and text messages and Class members sustained similar injuries and damages as a result of the Defendant's uniform illegal conduct.

38. **Adequacy & risk of inconsistency**: Plaintiff will fairly and adequately represent and protect the interests of the Classes and has retained counsel competent and experienced in complex class actions to vigorously prosecute this action on behalf of the Classes. The Plaintiff has no interests that conflict with, or are antagonistic to those of, the Classes, and Defendant has no defenses unique to Plaintiff. The prosecution of separate actions by the individual Class members would create a risk of inconsistent or varying adjudication which would establish incompatible standards of conduct of the Defendant.

39. **Risk of harm to Class interests:** The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them which would,



NWDR
NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 971-800-6000
FX: 206-800-6015

as a practical matter, harm the interests of other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests.

40. **Defendant's actions are universal to Classes**: Defendant has acted or refused to act on grounds that apply generally to the proposed Classes, thereby making final injunctive relief or declaratory relief herein appropriate with respect to the proposed Classes as a whole.

41. **Commonality and Predominancy:** There are many questions of law and fact common to the claims of Plaintiff and members of the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Class include, but are not necessarily limited to, the following:

a. Whether the Defendant obtained "prior express invitation or permission" under the TCPA before the calls and text messages at issue;

b. Whether Defendant has established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the TCPA's do-not-call regulations;

c. Whether the Defendant sent text messages without providing the party with the name of the individual caller or the name of the person or entity on whose behalf the call is being made;

d. The number of text messages the Defendant sent to Washington residents' cell phones or pagers;

e. Whether Defendant's employees placed the calls and texts at issue in the course of their work for Defendant; and

f. Damages, including whether any violations were performed willfully or knowingly, such that the Plaintiff and the other Class members are entitled to treble damages under 47 U.S.C. § 227(c)(5)(C) and RCW 19.86.090.

42. **Superiority**: Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail.



NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 971-800-6000
FX: 206-800-6015

43. **Exclusions:** Excluded from the Classes are the Defendant and any entities in which Defendant has a controlling interest; the Defendant's agents and employees; any Judge and Magistrate Judge to whom this action is assigned and any member of their staffs and immediate families, and any claims for personal injury, wrongful death, and/or emotional distress.

## V. CAUSES OF ACTION
## ALLEGATIONS APPLICABLE TO ALL COUNTS

44. The Defendant is a "seller" as defined by 47 CFR § 64.1200(f)(10).

45. The Defendant is a "telemarketer" as defined by 47 CFR § 64.1200(f)(12).

46. All of the calls the Defendant initiated to the Plaintiff and proposed Classes were "telephone solicitations" as defined by 47 CFR § 64.1200(f)(15).

47. The Defendant engaged in "telephone solicitation" to the Plaintiff and Washington State residents as defined by RCW 80.36.390(1)(a).

48. The Defendant made "telephone calls" to the Plaintiff and Washington State residents as defined by RCW 80.36.390(1)(c).

49. The Defendant is a "telephone solicitor" as defined by RCW 80.36.390(4).

50. The Defendant is a "person" as defined by RCW 19.190.010(11).

51. The Plaintiff is a "person" as defined by RCW 19.190.010(11).

52. The Defendant "initiated the transmission" of commercial electronic text messages to the Plaintiff and Washington State residents as defined by RCW 19.190.010(7).

53. The Defendant "assisted in the transmission" of commercial electronic text messages to the Plaintiff and Washington State residents as defined by RCW 19.190.010(1).

54. The Defendant sent the Plaintiff and Washington State residents "electronic text messages" as defined by RCW 19.190.010(6).

55. The Defendant sent the Plaintiff and Washington State residents "commercial electronic text messages" as defined by RCW 19.190.010(3).



NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 971-800-6000
FX: 206-800-6015

56. The Defendant is a "person" as defined by RCW 19.86.010(1).

57. The Plaintiff is a person as defined by RCW 19.86.010(1).

58. The Defendant engaged in "trade" and "commerce" with the Plaintiff and Washington State residents as defined by RCW 19.86.010(2).

59. The calls and texts were initiated to encourage the Plaintiff to purchase goods and/or services from the Defendant.

60. The phone ringing and listening to sales pitches take time, cause annoyance, and are obnoxious. They are an invasion of privacy, a trespass into the Plaintiff's property and seclusion, and a waste of time.

61. Answering the phone takes time that could be spent doing other things, and these calls do have a real, if small, cost in electricity and life of the phone.

62. Trying to figure out who is behind the calls is obnoxious and costs the Plaintiff time.

63. The phone chirping and buzzing from unwanted text messages is obnoxious, an invasion of privacy, a trespass into the Plaintiff's property and seclusion, and a waste of time.

64. Looking at who is texting and removing the unwanted text messages takes time that could be spent doing other things, and these calls do have a real, if small, cost in electricity and life of the phone.

65. Trying to figure out who is behind the text message is obnoxious and costs the Plaintiff time.

66. Defendant is directly liable for the calls and texts at issue because its own employees made the calls and sent the text messages to the Plaintiff while using Defendant's telephone lines, email domain, business name, and online application.

67. In the alternative, Defendant is vicariously liable because it authorized Mr. Worthen and Mr. Girard to solicit customers on its behalf and held them out as its representatives.



NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 971-800-6000
FX: 206-800-6015

It issued them @4pillarfunding.com email accounts; it allowed them to use its business name and Saratoga Springs office address in their signature blocks (and, in Mr. Girard's case, its office telephone line and the title "Business Development Representative, 4 Pillar Funding"); and it supplied the funding application, hosted on its own website, to which they directed Mr. Hoffman.

**COUNT 1 - TELEPHONE CONSUMER PROTECTION ACT**
**47 U.S.C. § 227(c)**

68. Under 47 C.F.R. § 64.1200(c)(2), which the FCC promulgated under 47 U.S.C. § 227(c), no person or entity may initiate any telephone solicitation to a residential telephone subscriber who has registered his or her telephone number on the National Do Not Call Registry. A person who receives more than one telephone call within any 12-month period by or on behalf of the same entity in violation of that regulation may sue under 47 U.S.C. § 227(c)(5).

69. The Plaintiff re-alleges the previous paragraphs supra.

70. The Plaintiff is a residential telephone subscriber of both numbers, and each Number was registered on the National Do Not Call Registry at least 31 days before Defendant first called it.

71. Defendant violated 47 C.F.R. § 64.1200(c)(2) by initiating telephone solicitations to both numbers, and each number received more than one such call within a 12-month period.

72. Defendant had no signed, written agreement with Mr. Hoffman and no established business relationship with him, and no other exemption applies.

73. The Plaintiff told the Defendant multiple times that he wasn't interested in its services and specifically asked the Defendant to stop calling and texting him, yet the Defendant ignored those requests and continued soliciting the Plaintiff by telephone.

74. Defendant violated 47 C.F.R. § 64.1200(c)(2), and is liable under 47 U.S.C. § 227(c)(5), at least 45 times: 40 voice calls (Nos. 1–40 and 47) and five text messages (Nos. 42–46).

75. The Plaintiff has been damaged and injured as a result of these actions.



NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 971-800-6000
FX: 206-800-6015

76. The Defendant's actions were willful or knowing, and therefore the Plaintiff's damages should be trebled. Defendant kept calling and texting after it received Mr. Hoffman's written do-not-call request and after Mr. Girard acknowledged his request to stop.

**COUNT 2 – TELEPHONE CONSUMER PROTECTION ACT**
**47 C.F.R. § 64.1200(d)**

77. Pursuant to 47 C.F.R. § 64.1200(d), no entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such entity has instituted procedures for maintaining a list of persons who request not to receive such calls made by or on behalf of that person or entity.

78. The Plaintiff re-alleges the previous paragraphs supra.

79. Defendant initiated each call and text described in Count 1 without having instituted procedures meeting the minimum standards of 47 C.F.R. § 64.1200(d), as the following facts show.

80. The Plaintiff asked Defendant in writing for a copy of its do-not-call policy, and Defendant received that request on March 13, 2026. Defendant never provided a policy, which shows that it had no written policy available on demand.

81. After Mr. Girard acknowledged The Plaintiff's March 27, 2026, request to stop, he texted Mr. Hoffman five more times and Defendant called him again, which shows that Defendant's personnel were not trained to record and honor do-not-call requests.

82. Defendant did not record or honor The Plaintiff's written request within ten business days after receiving it, or at all; it called and texted the 9916 number six more times after March 27, 2026 (Nos. 42–47).

83. During the October 28, 2025 call (No. 5), Mr. Worthen did not give the name of the entity on whose behalf he was calling, and The Plaintiff had to obtain it by giving Mr. Worthen an email address.



NWDR
NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 971-800-6000
FX: 206-800-6015

84. Defendant violated 47 C.F.R. § 64.1200(d), and is liable under 47 U.S.C. § 227(c)(5), for each of the calls and texts identified in Count 1.

85. The Plaintiff has been damaged and injured as a result of these actions.

86. The Defendant's actions were willful or knowing, and therefore the Plaintiff's damages should be trebled.

**COUNT 3 – WASHINGTON TELEPHONE SOLICITATION ACT**
**RCW 80.36.390(7)**

87. Pursuant to RCW 80.36.390(7), if at any time during the telephone contact, the called party states or indicates that he or she does not want to be called again by the telephone solicitor or wants to have his or her name, individual telephone number, or other contact information removed from the telephone lists used by the telephone solicitor:

(a) The telephone solicitor shall inform the called party that his or her contact information will be removed from the telephone solicitor's telephone lists for at least one year;

(b) The telephone solicitor shall end the call within 10 seconds;

(c) The telephone solicitor shall not make any additional telephone solicitation of the called party at any telephone number that the called party has requested be removed from the solicitor's telephone lists for a period of at least one year; and

(d) The telephone solicitor shall not sell or give the called party's name, telephone number, and other contact information to another company or organization.

88. The Plaintiff re-alleges the previous paragraphs supra.

89. The Plaintiff told Defendant he was not interested in their products and services, indicating that he did not want to be called again and wanted his number removed from Defendant's calling lists multiple times.

90. In response, Defendant did not inform The Plaintiff that his contact information would be removed from its lists for at least one year.



NWDR
NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 971-800-6000
FX: 206-800-6015

91. In no call, after informing the Defendant he did not want to be called again and wanted his phone number removed from their calling list, did the Defendant end the call within 10 seconds *and* inform the Plaintiff that his contact information would be removed from their list for at least one year.

92. Instead, Defendant made additional telephone solicitations to the same numbers within one year, violating RCW 80.36.390(7) at least 42 times.

93. The Plaintiff has been damaged and injured as a result of these actions.

94. Under RCW 80.36.390(13), The Plaintiff is entitled to damages of $1,000 for each violation, an injunction against future violations, and his reasonable attorneys' fees and costs.

**COUNT 4 – WASHINGTON TELEPHONE SOLICITATION ACT**
**RCW 80.36.390(9)**

95. Pursuant to RCW 80.36.390(9), no person may initiate, or cause to be initiated, a telephone solicitation to a telephone number registered on the do not call registry maintained by the federal government pursuant to 47 U.S.C. § 227 and related regulations, as currently enacted or subsequently amended.

96. The Plaintiff re-alleges the previous paragraphs supra.

97. Defendant initiated telephone solicitations by voice call to both numbers while they were registered on the National Do Not Call Registry (Nos. 1–40 and 47), and The Plaintiff received them in Washington. These calls were not made in response to any request or inquiry by The Plaintiff, and they were not business-to-business contacts: The Plaintiff is an individual, not a business, and the numbers are his personal lines.

98. Defendant violated RCW 80.36.390(9) at least 40 times (Nos. 1–40 and 47).

99. The Plaintiff has been damaged and injured as a result of these actions.

100. Under RCW 80.36.390(13), The Plaintiff is entitled to damages of $1,000 for each violation, an injunction against future violations, and his reasonable attorneys' fees and costs.



NWDR
NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 971-800-6000
FX: 206-800-6015

**COUNT 5 – WASHINGTON CONSUMER PROTECTION ACT**
**RCW 19.86.090**
**(VIOLATIONS OF THE COMMERCIAL ELECTRONIC MAIL ACT)**
**RCW 19.190.060**

101. Washington's Commercial Electronic Mail Act (CEMA) prohibits initiating or substantially assisting in the transmission of any "electronic text message sent to promote real property, goods, or services for sale or lease" without the explicit permission of the receiving party. It further states that:

> (1) No person conducting business in the state may initiate or assist in the transmission of an electronic commercial text message to a telephone number assigned to a Washington resident for cellular telephone or pager service that is equipped with short message capability or any similar capability allowing the transmission of text messages.
>
> (2) The legislature finds that the practices covered by this section are matters vitally affecting the public interest for the purpose of applying the consumer protection act, chapter 19.86 RCW. A violation of this section is not reasonable in relation to the development and preservation of business and is an unfair or deceptive act in trade or commerce and an unfair method of competition for the purpose of applying the consumer protection act, chapter 19.86 RCW. RCW 19.190.060.

102. The Washington State Supreme Court has held that sending a text message in violation of CEMA is a per-se violation of Washington's Consumer Protection Act. *Wright v. Lyft, Inc.,* 189 Wn.2d 718, 729-731, 406 P.3d 1149 (2017).

103. *Wright* established that violations of CEMA automatically satisfies all five *Hangman* elements required for a Consumer Protection Act claim, including automatic statutory damages. *Hangman Ridge Training Stables v. Safeco Title Ins. Co*., 105 Wn.2d 778, 780, 719 P.2d 531 (1986).

104. The Plaintiff re-alleges the previous paragraphs supra.

105. Defendant, a person conducting business in Washington, initiated the transmission of commercial electronic text messages to the 9916 number, a cellular telephone number assigned to the Plaintiff, a Washington resident: Mr. Girard's texts promoting Defendant's business funding products and services (Nos. 41–46). The Plaintiff never clearly and affirmatively



NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 971-800-6000
FX: 206-800-6015

consented in advance to receive text messages from Defendant, and each of these texts came after he had told Mr. Girard to stop.

106. Defendant violated RCW 19.190.060 at least six times (Nos. 41–46). Each violation is an unfair or deceptive act in trade or commerce and a *per se* violation of the Consumer Protection Act. RCW 19.190.060(2); RCW 19.86.020.

107. Under RCW 19.190.040(1) and RCW 19.86.090, The Plaintiff is entitled to $100 for each text message, injunctive relief, and his reasonable attorneys' fees and costs.

108. The Court may treble the award as permitted by RCW 19.86.090.

## VI. JURY DEMAND

109. The Plaintiff demands a trial by jury.

## VII. PRAYER FOR RELIEF

110. WHEREFORE, the Plaintiff prays that the proposed Classes be certified under FRCP 23, and that the Plaintiff and his counsel be appointed to represent the Classes and for judgment be entered against the Defendant for:

111. Plaintiff's actual damages;

112. For statutory damages of $1,500 for each violation of 47 U.S.C. § 227(c)(5), which were willful or knowing;

113. For statutory damages of $1,000 for each violation of RCW 80.36.390, under RCW 80.36.390(13);

114. For damages of $100 for each text message sent in violation of RCW 19.190.060, recoverable under RCW 19.190.040(1) and RCW 19.86.090, and any increased damages the Court awards under RCW 19.86.090;

115. For the Plaintiff's costs and attorney's fees pursuant to RCW 80.36.390(13) and RCW 19.86.090;



NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 971-800-6000
FX: 206-800-6015

116. For an injunction under 47 U.S.C. § 227(c)(5)(A), RCW 80.36.390(13), RCW 19.190.090, and RCW 19.86.090 prohibiting Defendant from calling or texting telephone numbers registered on the National Do Not Call Registry, or persons who have asked Defendant to stop, without the consent the law requires;

117. For pre- and post-judgment interest as permitted by law;

118. For any and all other relief this Court deems proper.

DATED October 29, 2026

NORTHWEST DEBT RESOLUTION, LLC

s/ Peter Schneider
Peter Schneider, WSBA# 43131
10900 NE 4th Street, Suite 2300
Bellevue, WA 98004
Telephone: (971) 800-6000
Facsimile: (206) 800-6015
Email: Peter@nwdebtresolution.com

*Attorney for Plaintiff*

**DECLARATION OF SERVICE**

I, Peter Schneider, am a resident of the State of Washington, over the age of 18 and competent to make this declaration herein. On the date indicated below, I served the foregoing document to the following recipients in the manner described below:

A Paul Heeringa
MANATT PHELPS & PHILLIPS LLP (IL)
151 N FRANKLIN ST STE 2600
CHICAGO, IL 60606
312-529-6300
310-312-4224 (fax)
pheeringa@manatt.com

Rossi F. Maddalena
MERRICK HOFSTEDT & LINDSEY
3101 WESTERN AVE
STE 200
SEATTLE, WA 98121
206-467-2646
rmaddalena@mhlseattle.com

☐ USPS first class mail
☐ E-mail
☐ Facsimile
☒ Other – ECF e-service

DATED October 29, 2026.

/s/ Peter Schneider
Peter Schneider



NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 971-800-6000
FX: 206-800-6015